The People of the State of Illinois, Appellant, *vs.* W. A. Freese, Exr., *et al.* Appellees.

*Opinion filed February 17, 1915.*

1. Wills—*when devisee takes a life estate, only.* A devise of all the property of the testatrix "for and during her natural life," with directions that she shall have full control of the property and use the same as she shall desire, and what remains shall go to the nearest of kin of the testatrix living at the death of such devisee, gives the devisee a life estate, only.

2. Inheritance tax—*when net value of life estate should be taxed at five per cent.* Where the testatrix bequeaths all of her property, which is all personalty, to a stranger in the blood for life, with power to control and use the same as she shall see fit and what remains to go to the nearest of kin of the testatrix living at the death of the life tenant, the net value of the life estate, if it exceeds $20,000 and is less than $50,000, should be taxed at five per cent.

3. Same—*the rule for assessing tax on contingent remainder.* Where a testatrix bequeaths all of her property, which consists of personalty, to a stranger in the blood for life, with a contingent remainder to such of the nephews and nieces of the testatrix as may be alive at the death of the life tenant, the remainder, after deducting the net value of the life estate and one exemption of $2000, which is the exemption allowed in case of a transfer to a nephew or niece, should be taxed at two per cent.

Appeal from the County Court of McLean county; the Hon. Homer W. Hall, Judge, presiding.

P. J. Lucey, Attorney General, (Lester H. Strawn, Eugene P. Morris, and Frank J. Burns, of counsel,) for the People.

BRACKEN & YOUNG, and BARRY & MORRISSEY, (JOHN ALEXANDER, guardian *ad litem,*) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by the People from an order of the county court of McLean county assessing the transfer or inheritance tax on the estate of Susan E. Loehr, deceased.

Susan E. Loehr died testate June 3, 1912, leaving as her heirs and next of kin forty-one nephews and nieces. The first part of the second clause of her will recites the testatrix's reasons for making provision for Minnie Prehm, and concludes as follows: "I hereby give and bequeath and devise all of the property, real, personal and mixed, of which I shall die seized, to her, Minnie Prehm, for and during her natural life. I direct that she, Minnie Prehm, shall have full control of all my property and use the same as she shall desire, and that what remains after her death shall go to the nearest of my kin living at the time of her death." Minnie Prehm was not related to the testatrix by blood, but testatrix's mother had raised her and she had cared for the mother and the testatrix for about forty-five years. The estate was all personalty, and its net value for taxation was fixed at $42,093.44. The court found the value of Minnie Prehm's life estate to be $23,380.77, and that it was subject to a tax of three per cent, or $701.42, and held the remainder, on account of the large number of beneficiaries entitled to share in it, was not subject to the transfer tax.

Appellant contends (1) that the tax should have been computed at five per cent on the entire value of the estate, the same as if Minnie Prehm took it absolutely; or (2) that the tax should have been computed at five per cent upon the value of Minnie Prehm's life estate and at two per cent on the remainder after deducting an exemption of $2000.

We think it very clear that Minnie Prehm took only a life estate. The fact that she may have had power, under certain circumstances or contingencies, to dispose of it did not raise her estate to a fee. (*Ducker* v. *Burnham,* 146 Ill. 9; *Griffiths* v. *Griffiths,* 198 id. 632.) It is not seriously contended otherwise by the appellant, and we cannot agree that the entire estate should have been taxed to the life tenant, although this position of appellant seems to find support in the decision of the surrogate's court in New York. *In re Rogers' Estate,* 149 N. Y. Supp. 462.

Appellees concede that it was erroneous to tax the entire value of the life estate of Minnie Prehm at three per cent, and insist that the tax should have been three per cent on the first $10,000, four per cent on the second $10,000 and five per cent on the balance above $20,000, but they contend that the remainder was not taxable and that the court properly so ruled. In our opinion the tax against the life estate of Minnie Prehm should have been assessed at five per cent on its net value. She was not of kin to the testatrix, and the tax on the transfer to her is governed by the latter part of section 1 of the Inheritance Tax law, which provides that on all transfers over $20,000 and not exceeding $50,000 the tax shall be $5 per $100. Appellees' argument is, that as the statute fixes the tax at $3 per $100 on transfers on $10,000 or less, $4 per $100 on transfers over $10,000 and not exceeding $20,000, and $5 per $100 on transfers over $20,000 and not exceeding $50,000, the first $10,000 should be taxed at $3 per $100, the second at $4 per $100, and so on. This is contrary to the plain letter of the statute. The fact, as pointed out by counsel, that if the transfer exceeded by any amount $20,000,—even by the sum of one dollar,—it would raise the tax from $4 per $100 to $5 per $100 would not justify a court in construing the statute contrary to its plain letter and intent.

We are of opinion, also, the court erred in holding the remainder was not liable to any tax. This question was

settled by *People* v. *Byrd,* 253 Ill. 223. In that case the transfer was to the testator's widow for life and upon her death to his children named in the will. If any of the testator's children died leaving issue before his death or before the death of his widow, the issue of such deceased child was to take the share his or her parent would have taken if living at the death of the widow. The remainder over was held contingent, and it is admitted the remainder created by the will in the case at bar is contingent. In *People* v. *Byrd, supra,* the county court taxed the remainder, after dividing it into two parts, upon the supposed possible contingency that two of the remainder-men might die without issue before the death of the widow, and then deducted $20,000 from each of said parts and taxed the remainder. This court held that was erroneous, and, applying section 25 of the Inheritance Tax act, said, in determining the tax the court should take the highest amount that in any contingency would become liable to such tax; that a possible contingency was that three of the four remainder-men might die without issue before the death of the life tenant, and in that contingency the survivor would receive all of the estate. It was held that but one exemption of $20,000 should be made from the remainder and that the residue was taxable. Applying the rule of that case, a deduction of $2000,—that being the amount of exemption to a nephew or niece,—should be made and the remainder taxed at two per cent.

The judgment of the county court is reversed and the cause remanded, with directions to assess the tax against the net value of the life estate of Minnie Prehm at five per cent, and against the remainder, less $2000 exemption, at two per cent.

*Reversed and remanded, with directions.*