(No. 16197.—Judgment affirmed.)

The People of the State of Illinois, Plaintiff in Error, *vs.* The Peoples Savings Bank and Trust Company *et al.* Defendants in Error.

*Opinion filed December 16, 1924.*

Inheritance tax—*when estate must be taxed as a vested life estate.* Where a testator directs his executors and trustees to pay from the income of the trust fund, and so much of the principal as may be necessary, the sum of $100 per month to a certain devisee for her lifetime, and in addition thereto "an amount sufficient to pay for her medical care and nursing" in the event of her sickness or disability, the balance of said fund to become a part of the residuary estate at the devisee's death, the devisee takes only a life estate, which is properly taxed as a vested life interest under section 2 of the Inheritance Tax act and not under section 25. (*People* v. *Freese,* 267 Ill. 164, followed.)

Writ of Error to the County Court of Rock Island county; the Hon. George D. Long, Judge, presiding.

Edward J. Brundage, Attorney General, Virgil L. Blanding, and Albert D. Rodenberg, for the People.

Kenworthy, Dietz, Shallberg, Harper & Sinnett, (G. A. Shallberg, and J. J. Neiger, of counsel,) for defendants in error.

Mr. Justice Heard delivered the opinion of the court:

This cause comes to this court upon a writ of error to the county court of Rock Island county and involves the matter of the assessment of the inheritance tax in the estate of Rufus Walker, Sr., deceased.

On the 20th day of August, 1922, Rufus Walker, Sr., died testate. Of his will, clause 4 (the one involved in this suit) is as follows:

"*Fourth*—I hereby order and direct my executors and trustees hereinafter named in this my last will and testament,

314—34

to first set aside out of the funds and property coming into their possession after my death, the sum of fifteen thousand ($15,000) dollars, said sum to be invested by my said executors and trustees in good and safe securities in the manner hereinafter provided, and out of the income from said fund and so much of the principal as may be necessary I hereby direct my said executors and trustees to pay to Margaret E. Dodge, sister of my late wife, the sum of one hundred ($100) dollars per month during her natural life, such sum to be payable to her in monthly payments. In the event that said Margaret E. Dodge should become sick or disabled, then I direct my said executors and trustees to pay to said Margaret E. Dodge, in addition to said monthly allowance of one hundred ($100) dollars per month, an amount sufficient to pay for her medical care and nursing. I also direct my executors, at the death of said Margaret E. Dodge, to provide her with a suitable funeral and pay the cost thereof out of said fund. Whatever balance of said fund remains after her death I hereby direct that the same shall become part of the residuary estate hereinafter provided."

In the hearing of this case in the trial court it was held that the foregoing testamentary disposition created a vested annuity of $100 a month for life to the beneficiary named therein, and that the tax was to be levied as upon vested interests, not under section 25 but under the second section of the Inheritance Tax act.

Plaintiff in error takes the position that by the fourth clause of the will certain contingencies and conditions may, upon their coming to pass, extend the amount of the beneficial interest of the beneficiary to such a degree that it is possible for the whole of the trust property devised under this clause to be diverted to the use of the annuitant therein named, consequently cutting off the remaindermen or residuary legatees in so far as the trust property is concerned, and that the tax should have been assessed under section 25 instead of section 2 of the act.

Under the clause of the will in question Margaret E. Dodge took merely a life estate in the fund in question and the remaindermen under the residuary clause of the will took a vested remainder in the same, subject to be divested of such an amount, if any, as might be sufficient to pay for the medical care and nursing of Margaret E. Dodge in case she became sick or disabled. *People* v. *Freese,* 267 Ill. 164; *Ducker* v. *Burnham,* 146 id. 9; *Bergman* v. *Arnhold,* 242 id. 218.

It is admitted by counsel for plaintiff in error that the case of *People* v. *Freese, supra,* is in point, and that this court there held that a life estate, with power to invade, is presently taxable as a mere life estate, but contend that the court apparently did not consider the application of section 25 to such testamentary disposition, and also contend that the Illinois act is patterned after the New York Inheritance Tax act, and that the decision in *People* v. *Freese, supra,* is not in harmony with the decisions of the New York courts, as evidenced by *In the Matter of Zborowski,* 213 N. Y. 109. A reading of the opinion in the case of *People* v. *Freese, supra,* will disclose that this position of plaintiff in error is not tenable, as section 25 of the Inheritance Tax act is specifically mentioned in the opinion, and it is therein said: "We cannot agree that the entire estate should have been taxed to the life tenant, although this position of appellant seems to find support in the decision of the surrogate's court in New York."

The inheritance tax was properly fixed by the county court, and the judgment will be affirmed.

*Judgment affirmed.*