COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* WILLIAM R. BAKER & another, executors.

Suffolk.    May 2, 1939. — August 2, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Tax*, On income. *Devise and Legacy*, Remainder, Vested or contingent estate. *Executor and Administrator*, Taxes.

The scope of provisions of § 8 (d) of G. L. (Ter. Ed.) c. 62, exempting from an income tax such part of income received by a fiduciary as is payable to or accumulated for persons not inhabitants of the Com-

monwealth, is restricted by § 10 to income received by or accumulated for an ascertained nonresident who has an interest which is uncertain within the definition in clause (3) of § 10.

Under the provisions of a will that the residue should be placed in trust and that, after the death of a certain life beneficiary, one quarter of the fund should be paid to a niece "now of" another State, "or to such person or persons as" she "shall by her" will "appoint, or in the absence of such appointment to such person or persons and in such amounts as would take by intestate succession the personal estate of" the niece "as if she had died" in Massachusetts "as of the date of the death of the" life beneficiary, the interest of the niece was not vested, and, although she was a nonresident of the Commonwealth, one quarter of gains from sales of intangibles, received and retained by the executor, before the trust was set up, as principal to be distributed after the death of the life beneficiary, was taxable to him under G. L. (Ter. Ed.) c. 62, §§ 5 (c), 9, 10.

APPEAL by the commissioner of corporations and taxation from a decision of the Appellate Tax Board.

*E. O. Proctor*, Assistant Attorney General, for the commissioner of corporations and taxation.

*G. K. Richardson*, for the taxpayers.

RONAN, J. This is an appeal from a decision of the Appellate Tax Board granting an abatement upon that portion of the income received in 1936 and the first part of 1937 from gains from the sale of intangible personal property, which was accumulated for the benefit of Annette B. Dods in accordance with the provisions of the will of Mary A. Hutchinson, deceased, late of Boston, who died on May 26, 1935. The testatrix, after giving a legacy to her grandnephew, left the remainder in trust, the income to be paid to certain life tenants and upon their death the principal was to be distributed to the remaindermen, each of whom was to receive one quarter of the principal after the death of the life tenants who had received the income. The third paragraph of the trust contained the following provision: "Three-tenths of the net income to my sister, Florence G. Lang, now residing in New York City, during her life, and upon her death, or if she shall predecease me, to pay over one-quarter of the trust fund free and discharged of all trusts to my niece, Annette B. Dods now of Columbus, Ohio, or to such person or persons as the said Annette B. Dods shall by her last will and testament duly probated appoint,

or in the absence of such appointment to such person or persons and in such amounts as would take by intestate succession the personal estate of the said Annette B. Dods as if she had died a resident of Massachusetts as of the date of the death of the said Florence G. Lang."

Florence G. Lang, the life tenant, and Annette B. Dods, the remainderman, both survived the testatrix and are now living. Mrs. Dods, the niece of the testatrix, was not, at the time the income was received, nor has she been since, an inhabitant of the Commonwealth. The board ruled that she took a vested remainder, which was not subject to be divested by the happening of any contingency expressed in the will; and, having found that she was not an inhabitant of the Commonwealth, ordered an abatement of the tax that had been assessed upon one fourth of the income, being the portion which was accumulated for her benefit.

The executors contend that the tax ought not to have been assessed to them as executors; that the income was accumulated for the benefit of a person who was not an inhabitant of the Commonwealth and was by virtue of G. L. (Ter. Ed.) c. 62, § 8 (d), exempt from the tax; that the tax could not be assessed to them as executors under G. L. (Ter. Ed.) c. 62, § 9, because that section limits the tax to income which is payable to or accumulated for the benefit of a person who is an inhabitant of the Commonwealth; that the commissioner had no authority to assess a tax, as he apparently did, under G. L. (Ter. Ed.) c. 62, § 10, because the income was not received by them as trustees but was received by them as executors, as the commissioner admits in his answer, and further, because Mrs. Dods took a vested remainder which was not a taxable estate of the kind made subject to a tax by the last mentioned section.

Section 8 (d), exempting from an income tax "Such part of the income received by trustees or other fiduciaries as is payable to or accumulated for persons not inhabitants of the commonwealth," must be construed with reference to the remaining sections of c. 62 so as to form an harmonious and workable statutory system for assessment and collec-

tion of income taxes. Section 8 (d) is not inconsistent with § 10, which provides that income "accumulated for unborn or unascertained persons or persons with uncertain interests shall be taxed as if accumulated for the benefit of a known inhabitant" of the Commonwealth. The former section is based entirely upon the residence of the beneficiary, while the latter is concerned with the nature of the interest which the beneficiary has in the income. It is true that the scope of § 8 (d), granting an exemption to a nonresident beneficiary, is somewhat restricted by § 10, which limits the exemption to a nonresident who is ascertained and who has an interest other than that defined as uncertain by the statute. Each statute may thus be given full play in its own particular field. The imposition of the tax is not prohibited by § 8 (d). *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. *Hite* v. *Hite*, 301 Mass. 294.

The record shows that the executors were appointed on March 10, 1936, but it does not show, and the taxpayers do not contend, that the trust in question had been set up or that the executors, who had been named in the will as trustees, had been appointed or qualified at the time the income in question was received by them as executors. It is alleged in the petition filed with the board that the executors received this income and that one fourth of it was accumulated for the benefit of Mrs. Dods. It was income received by the estate and comes within the description of taxable property as set forth in G. L. (Ter. Ed.) c. 62, § 9 (unless, because of the interest of Mrs. Dods therein, it was exempt, as we shall presently consider), and was by the express terms of that section assessable to the executors. Upon the record, the executors were the only persons who were eligible to receive this income, which they were to hold until the appointment of themselves as trustees, when they were to transfer it to the trustees for the use and enjoyment of the beneficiaries designated in the will. The assessment and collection of the tax were not to be delayed until the appointment of trustees and the tax was properly assessed to the taxpayers as executors. The case is plainly distinguishable from *Wheelwright* v. *Tax Commissioner*, 235

Mass. 584, and *Brewster* v. *Commissioner of Corporations & Taxation*, 251 Mass. 49. In the former case it was held that the executors were not entitled to certain deductions on an income tax which were expressly granted to trustees, and that such deductions were not imported into what is now G. L. (Ter. Ed.) c. 62, § 9, by what in its present form is G. L. (Ter. Ed.) c. 62, § 13; and in the latter case it was held that this last mentioned section was not applicable to justify the levy of an income tax upon residents of this Commonwealth who had been appointed executors by the court of another State, where the testator was domiciled, and who were not acting or empowered to act as trustees under the will. Moreover, the commissioner does not rely upon the last mentioned section alone; he also bases his right to tax upon an amendment of G. L. c. 62, § 10, by St. 1931, c. 456, § 1, which was enacted subsequently to these two decisions, which authorizes the imposition of the tax upon executors under § 9, if the tax could have been assessed to the trustees in the event that they had received this income.

The gains from the purchases or sales of intangible property, while constituting accretions to principal for the purposes of trust accounting, are treated as income under the provisions of G. L. (Ter. Ed.) c. 62. *Tax Commissioner* v. *Putnam*, 227 Mass. 522. *Dumaine* v. *Dumaine*, 301 Mass. 214. The question for determination, therefore, is whether such gains, so treated as income, are taxable in the present case. Section 10 provides that trustees or other fiduciaries are liable for a tax upon certain income, to wit: "Income so received and accumulated for unborn or unascertained persons or persons with uncertain interests shall be taxed as if accumulated for the benefit of a known inhabitant of the commonwealth to the following extent: . . . (3) . . . For the purposes of this section and of section nine income shall be deemed to be accumulated for unborn or unascertained persons or persons with uncertain interests when thus accumulated by estates, by trustees or other fiduciaries, who are subject to the provisions of this section or of section nine, for the benefit of

any future interest other than a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust." If the interest which Mrs. Dods took under the will was less than a vested remainder, or if she acquired such a remainder but it was subject to be divested by the happening of some contingency expressly mentioned in the will, then the income was subject to the tax. The liability for the tax depended upon the nature of the interest which the beneficiary took under the will.

The nature of the gift to Mrs. Dods must be ascertained from the terms of the entire will, viewed in the light of the circumstances attending its execution. *Old Colony Trust Co.* v. *Washburn,* 301 Mass. 196. *Cotton* v. *Danville,* 301 Mass. 380. There is a strong tendency to construe testamentary provisions as creating vested rather than contingent interests, especially where the beneficiaries are children or relatives. *Gibbens* v. *Gibbens,* 140 Mass. 102. *Bosworth* v. *Stockbridge,* 189 Mass. 266. *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232. *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177. But the intent of the testatrix when ascertained must prevail provided it is consistent with the rules of law. If it appears that she intended to postpone not only the use and enjoyment of her gift but also the acquisition therein of a vested interest until the happening of a future event, then the beneficiary must be deemed to have taken only a contingent interest. *Hale* v. *Hobson,* 167 Mass. 397. *Crapo* v. *Price,* 190 Mass. 317. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35. *Springfield Safe Deposit & Trust Co.* v. *Ireland,* 268 Mass. 62.

Upon the death of the life tenant the trustees were to pay over one quarter of the trust fund to Mrs. Dods or to such persons as she might by will appoint or, in default of such appointment, to those who would take her personal property under the statute of distribution of this Commonwealth as of the date of the death of the life tenant. All these clauses are expressed in the alternative and are of equal force and effect. They all are contained in a single

sentence and define the manner in which this portion of the trust property is to pass upon the termination of the preceding life estate. If the testatrix had intended to give a vested remainder to her niece, she could have done so by omitting the power of the niece to appoint the property by will and the provision for those who would take it in case she should fail to exercise the power. A vested remainder is assignable and inheritable, but the testatrix has restricted and limited the estate conveyed in these essential particulars. If the niece took a vested remainder, then she could transfer it by her will and the mention of the power to appoint by her last will would be unnecessary. The giving of the power is indicative of the absence of an intent by the testatrix to give a vested remainder. That the only power of disposition given to the beneficiary was a testamentary power of appointment is persuasive evidence of an intent to exclude the power to assign or sell — a right which the niece would have if her interest were vested. Likewise, the niece could not make it the subject of a valid gift *inter vivos*. In other words, the power of disposal by will precluded the niece from transferring her rights while she lived. But she was given a testamentary power of appointment over one quarter of the trust property. The creation of such a power is not only suggestive that the interest given by the testatrix was less than a vested remainder but it is indicative that she did not intend that the niece should become the owner of this portion of the trust property unless she survived the life tenant. The power of appointment could not become operative unless she predeceased the life tenant. Ordinarily, the donee of a general power of appointment is not the owner of the property included within the power, *Porter* v. *Commissioner of Internal Revenue*, 288 U. S. 436, 440, 441, *Anderson* v. *Wilson*, 289 U. S. 20, 24, and upon the exercise of the power, the property is considered (except as to creditors of the donee, *State Street Trust Co.* v. *Kissell*, 302 Mass. 328) to have been transmitted from the donor rather than from the donee. *Emmons* v. *Shaw*, 171 Mass. 410.

The beneficiary had lived outside the Commonwealth

apparently for some years before the death of the testatrix. Her personal property would be distributed, if she died intestate, according to the laws of the State in which she was domiciled at the time of her death. If the beneficiary did not survive the life tenant or exercise the power of appointment, then her portion of the trust property was to be distributed in accordance with our own laws. Such a provision is inconsistent with the ownership of any vested remainder by the niece at the date of the death of the testatrix. If the testatrix intended to give her such an inheritable estate, there would be no necessity for a limitation over to certain distributees in accordance with either our own statutes or those of the domiciliary State. But the testatrix went further, and provided that those persons who were to share as distributees were to be determined as of the death of the life tenant. Without giving undue weight to any one of these considerations but dealing with them as parts of a single testamentary provision, we think that the beneficiary took an interest within the description of those interests that are made the subject of an income tax under G. L. (Ter. Ed.) c. 62, § 10, and that the tax was properly assessed to the executors under G. L. (Ter. Ed.) c. 62, § 9. *Kent* v. *Morrison*, 153 Mass. 137. *Baker* v. *Thompson*, 162 Mass. 40. *Crapo* v. *Price*, 190 Mass. 317. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35. *Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65. *Bramley* v. *White*, 281 Mass. 343. *Lincoln* v. *Willard*, 296 Mass. 549.

The executors point out that in each of three other paragraphs of the will, giving one quarter of the principal of the trust to a remainderman, it is expressly provided that distribution is to be made to him "if living," and that there is no such provision as to the one quarter given to Mrs. Dods. It is true that these words are commonly employed to express a contingency, *Clarke* v. *Fay*, 205 Mass. 228; *Binney* v. *Commissioner of Corporations & Taxation*, 293 Mass. 96, but in our opinion their absence in the paragraph in question is not controlling, in view of the cumulative effect of the other considerations to which we have

referred.    The general plan of the will indicates an intent that only those who survive the life tenants shall be entitled to take.    *Hale* v. *Hobson,* 167 Mass. 397.    *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35.

The executors rely upon the rule that an estate limited to take effect in possession immediately after a life estate is a vested interest, because the use and enjoyment will occur upon an event which must happen within the course of time.    *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113.    We think the principle is inapplicable because the interest of the niece depended not only upon the death of the life tenant but also upon the survivorship of the niece.

It results that, in the opinion of a majority of the court, the entry must be

*Petition for abatement dismissed.*