(No. 31689.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
GEORGE E. LUEHRS, Admr., Appellee.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

IVAN A. ELLIOTT, Attorney General, of Springfield,
(WILLIAM C. WINES, THOMAS P. GRANT, RAYMOND S.
SARNOW, and JAMES C. MURRAY, all of Chicago, of coun-
sel,) for appellant.

C. M. GRANGER, of Kankakee, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the People of the State of Illinois
and a cross appeal by the administrator of the estate of
J. Sterling Geatty, deceased, from an order of the county
court of Kankakee County entered March 14, 1950, assess-
ing and fixing the inheritance tax in said estate. The reve-
nue being involved, the appeal is perfected to this court.

J. Sterling Geatty died a resident of the State of Mary-
land on September 17, 1948. He owned real estate and

personal property in Maryland valued at approximately $153,000. He owned real estate and personal property in Illinois valued at approximately $113,000. His estate was administered in Maryland and ancillary administration was also had in Kankakee County, Illinois. On August 18, 1949, the Illinois administrator filed an inheritance tax return showing gross value of assets located in Illinois subject to Illinois tax in the amount of $113,870. He listed as deductions from this gross estate 42.55 per cent of the debts and expenses of administration both in Illinois and Maryland on the theory that the Illinois assets were 42.55 per cent of all the assets of the estate. The Attorney General objected to the return on the ground that the deductions were too high and that the tax as claimed by the administrator was too low. On October 6, 1949, the Illinois administrator filed an amended return showing the property located in Illinois, subject to the Illinois tax, as being identical with the original return but claimed as deductions from the gross estate only Illinois debts and Illinois administration expenses plus the entire amount of the Federal estate tax against the estate. The Attorney General likewise filed objections to the amended return.

Subsequently the county judge entered an order assessing the inheritance tax on the basis of the original return and fixed the tax at $5965.82. The Attorney General then appealed to the county court where the previous order was affirmed after the parties had entered into a stipulation establishing the deductions claimed on the amended return.

The Attorney General contends that the county court had no authority under our inheritance tax law to prorate the total deductions of the decedent's estate, and he contends that the only deductions allowable were debts of the decedent due and payable in Illinois and the Illinois administration expenses.

The Illinois administrator has filed a cross appeal, wherein he contends that if the method of prorating the

deductions is reversed by this court the entire Federal estate tax, plus the entire expenses of administration in Illinois and the Illinois debts, must be deducted from the gross estate in arriving at the tax. If this theory is followed, the tax would be $4691.74, which is approximately $1250 less than the tax as fixed by the county court.

The Illinois Inheritance Tax Act (Ill. Rev. Stat. 1949, chap. 120, par. 375,) provides, "A tax shall be and is hereby imposed upon the transfer of any property, real, personal, or mixed or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations not hereinafter exempted, * * *." It has been held that the Illinois tax is imposed upon the passing either by will or by intestate law of the beneficial interest in property having a taxable situs in Illinois. Likewise, it has been held that the beneficial interest upon which the tax is imposed is the clear market value of the decedent's gross estate less decedent's indebtedness and expenses of administration. (*People* v. *Estate of Klein,* 359 Ill. 31.) It does not appear that there have been any cases decided by this court defining the term "beneficial interest" in a nonresident decedent's Illinois property.

In the case of *Connell* v. *Crosby,* 210 Ill. 380, the total value of the estate was $300,000, consisting of approximately $199,000 in Illinois real estate, $27,000 worth of Illinois personal property, and foreign realty in sister States valued at $94,000. The total debts of said estate amounted to $127,000. The decedent resided in Illinois, and in that case the county court ruled that the personal estate, which was all situated in Illinois, should be deducted from the total indebtedness of the estate and that the remaining indebtedness should be apportioned on all real estate, both foreign and domestic. Our court held that this computation of the tax was erroneous because the lands in the sister States were not subject to any specific liens to secure any indebtedness nor was any of the indebtedness due any

citizen of any State in which such lands were situated. We held that the county court ruling operated to increase the amount on which the tax was required to be paid and indirectly laid a tax on the foreign lands which could not have been directly imposed thereon. We then stated: "If the foreign lands had in any way been subject to an encumbrance or lien, vendor's or otherwise, to secure the payment of indebtedness of the testator, or if the indebtedness had been due to a citizen of a sister State wherein was situated the real estate belonging to the decedent, a different question might be presented."

In the case of *People* v. *McCormick,* 327 Ill. 547, the decedent was a resident of Illinois and had considerable property in Illinois and in other States. Administration was had in Illinois and the county court allowed the contention of the Attorney General that the entire Federal estate tax should not be deducted in arriving at the Illinois inheritance tax but that credit for the Federal tax should be allowed only for the amount thereof as was represented by the ratio which the value of the property taxable in Illinois bore to the total value of all of the property in Illinois and elsewhere. Our court reversed the decision of the county court and declared that, since the Federal estate tax had been determined by this court to be a charge of administration, it was entirely deductible in computing the Illinois inheritance tax. It was contended in that case that if the Federal estate tax was not prorated it would be possible to deduct the entire amount thereof both in this State and in other States. We held that this argument was without merit.

It can be seen, from a consideration of the two cases cited above and the facts in this case, that we have no authority in Illinois for the exact problem presented here. If the proration theory as adopted by the county court is upheld it appears possible that in a certain case Illinois

would be indirectly obtaining a tax upon real estate situated in foreign States. On the other hand, since the Federal estate tax has been held to be an expense of administration, it would seem that it were as much of an expense of administration in Illinois as it would be in Maryland, and to adopt the theory of the Illinois administrator in his cross appeal would seem to again approve the possibility of a duplicate deduction for that tax.

The Illinois Inheritance Tax Act does not spell out the method of determination of the tax in a case of this sort. It appears that, by permitting the prorated deduction of all administration expenses and debts, Illinois is not obtaining directly or indirectly any tax upon the out-of-State property in the case at bar. Such a method appears to be fair and equitable and certainly more fair and equitable than permitting the possibility of a duplicate deduction of Federal estate tax. We believe that Illinois is entitled to no more than a fair amount of tax due it and certainly no less, and since the record does not show the basis upon which the inheritance tax, if any, has been computed in Maryland, we are unable to consider anything other than the facts before us and to be sure that Illinois has not obtained a tax upon property not taxable in Illinois. In view of the fact that no contention has been made by the Illinois administrator or the heirs-at-law that a tax is being indirectly levied upon the Maryland property, we believe that the method of computation as used by the county court is correct as being fair to all parties involved in the case at bar. In a case where such a contention is made or where the computation does, in effect, impose a tax upon property not taxable in Illinois, our decision in the case at bar would be no precedent.

For the reasons stated in this opinion, the judgment of the county court of Kankakee County is affirmed.

*Judgment affirmed.*