STATE TAX COMMISSION *vs.* AUGUSTUS P. LORING, trustee.

Suffolk. March 9, 1966. — April 8, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax. *Trust,* Taxation.

Respecting an irrevocable trust created by an inhabitant of Massachusetts for the purpose of making gifts without Federal gift tax liability, having a Massachusetts trustee, and providing that he should expend so much as he should determine of the income and principal of the trust property for the benefit of a nonresident minor beneficiary, that unexpended income should be accumulated, that the remaining trust property should be paid to the beneficiary, free of trust, when she attained the age of twenty-one years, and that, if she should die prior to attaining that age, the property should be distributed as she by her will should appoint, or, in default of such appointment, should be paid to her estate, it was held that the beneficiary while a minor had, within G. L. c. 62, § 10, a "vested" remainder interest in the trust property which was "not subject to be divested by the happening of any contingency expressly mentioned in the [trust] instrument" and was not "uncertain," and that 1958 income accumulated by the trustee was not taxable under § 10.

APPEAL from a decision by the Appellate Tax Board.

*Peter Roth,* Assistant Attorney General, for the appellant.

*Frederick D. Herberich* for the appellee.

CUTTER, J. This is an appeal by the commission from a decision of the Appellate Tax Board granting abatement of an income tax upon income received in 1958 by the trustee of an irrevocable trust (the 1955 trust). The facts are stated in accordance with a stipulation upon the basis of which the board made findings.

The trustee, an inhabitant of Massachusetts, pursuant to the 1955 trust agreement, created by an inhabitant of Massachusetts, is to expend for the benefit of Anne Bickford, a minor residing in California in 1958 and now, so much of the net income and principal of the trust property as the trustee may determine. Any unexpended income may be accumulated and reinvested. When Anne attains the age of twenty-one years, the trustee is to pay the re-

maining balance of the trust property, if any, together with any unpaid, accrued income, to Anne free of any trust. If she shall die prior to attaining the age of twenty-one years, the trustee is to distribute the remaining trust property and unpaid, accrued income in all respects as Anne may by will appoint. In default of such appointment, such trust property and accrued income are to be paid to Anne's estate. The trustee is given usual trust powers. The trust is to be construed in accordance with the laws of Massachusetts.

The trustee in 1958 received dividends and interest amounting to $178.81. He did not pay out this income but accumulated it. The trustee in his income tax return (form 2 for 1958, filed in 1959) reported this income as not being subject to tax because accumulated for an ascertained beneficiary who was not a resident of Massachusetts. The commission assessed to the trustee a tax upon the income so accumulated. The tax has been paid.

The commission denied the trustee's application for abatement of this tax. The trustee then appealed to the board. The applicable provisions of the income tax statute are set out in the margin.[1]

---

[1] General Laws c. 62, § 10 (as amended through St. 1957, c. 644, § 3), reads: "The income received by trustees . . . shall be taxed in the following manner: (a) The income received by trustees . . . described in subsection (c) of this section shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the same is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth . . . . Income received by trustees . . . described in subsection (c) of this section *which is accumulated for* unborn or *unascertained persons, or persons with uncertain interests shall be taxed as if accumulated for* the benefit of *a known inhabitant of the commonwealth. For the purposes of this section . . . income shall be deemed to be accumulated for* unborn or *unascertained persons or persons with uncertain interests* when thus accumulated by . . . trustees . . . who are subject to the provisions of this section . . . for the benefit of *any future interest other than a remainder presently vested in a person* or persons *in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust.* . . . (c) The provisions of subsections (a) and (b) of this section shall apply . . . to trustees under a trust created by a person . . . [who] was an inhabitant of the commonwealth at the time of the creation of the trust . . . any one of which trustees . . . is an inhabitant of the commonwealth" (emphasis supplied). Section 8 of c. 62 (as amended through St. 1957, c. 644, § 1) reads in part, "The following income shall be exempt from the taxes imposed by this chapter: . . . (d) Such part of the income . . . [with an exception not here material] received by trustees . . . as is payable to or accumulated for persons not inhabitants of the commonwealth."

We have recently had occasion to discuss the income taxation of trustees in Massachusetts and to review its history. *Dexter* v. *State Tax Commn. ante,* 380, 383–385, esp. fn. 6. We there pointed out that, since the beginning of the Massachusetts income tax in 1916, the legislative policy has been to impose taxes upon the income received by Massachusetts trustees only when the beneficiary to whom such income is payable, or for whom it is accumulated, has a domicil in Massachusetts. Our income tax (G. L. c. 62, § 10; see fn. 1, *supra*) "does not impose a tax upon income from a trust that is payable to inhabitants of other States." See 1916 House Doc. No. 1700, pp. 51–52.

In *Second Bank–State St. Trust Co.* v. *State Tax Commn.* 337 Mass 203, 209, we recognized that, by § 10 (see the language italicized in § 10 as quoted in fn. 1), certain persons or interests have been treated as "equivalent to an inhabitant" in respect of the income tax upon certain Massachusetts trustees. Such persons are "unascertained persons, or persons with uncertain interests," but these do not include persons in being in whom "a remainder [interest is] presently vested" which is "not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust." For the history of this provision, see Nichols, Taxation in Massachusetts (3d ed.) 513–518; Barrett and Bailey, Taxation, §§ 607, 614. See also § 620.

The purpose of the 1955 trust is obviously to provide the vehicle for one or more annual gifts by the donor for the benefit of Anne in a manner which will avoid a Federal gift tax upon such gifts, by bringing them within Int. Rev. Code of 1954 (26 U. S. C. [1964]) § 2503 (c).[2] That section

---

[2] This provision reads, "No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property . . . if the property and the income therefrom (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended — (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514 (c)." This provision is explained in Casner, Estate Planning (3d ed.), pp. 243–260 (and 1965 Supp. pp. 163–166).

states the terms upon which a gift in trust or otherwise to, or for the benefit of, a minor may comply with the section's annual $3,000 exclusion from gift tax. Since § 2503 requires that, to qualify for the exclusion, there in effect must be in the donee a present beneficial interest in the subject of the gift, we think that the donor intended to give to Anne as complete a vested beneficial interest in the trust property as would be consistent with the existence of a trust continuing until Anne reaches the age of twenty-one or dies under that age. See Scott, Trusts (2d ed.) § 128.2. The accomplishment of identifiable tax objectives of this character frequently may be an aid to the interpretation of trust instruments (see e.g. *New England Trust Co.* v. *Faxon,* 343 Mass. 273, 276, n. 3), and, so far as may be reasonably consistent with the language of the instrument and applicable legal principles, we should give effect to the intention, thus disclosed, of the party or parties to the instrument.

Anne has been given the complete beneficial interest in the trust property while she is under the age of twenty-one and an outright legal interest at that age. If she dies under that age, (a) she may dispose of the property by will, if she has the capacity to make one (see G. L. c. 191, § 1, by which a Massachusetts testator must be "of full age" as well as of "sound mind"; Newhall, Settlement of Estates [4th ed.] § 336; cf. Deering's California Codes, Probate, § 20 [1959], which permits a person over the age of eighteen years to make a will), and (b) in default of such an appointment, the property will go to Anne's estate. There is no trust provision which operates to divest Anne of the beneficial interest in the trust. If Anne loses the beneficial interest because of her death while a minor, Anne's estate will take the trust property outright, unless Anne has effectively disposed of the property by the exercise of her general testamentary power of appointment. That power she alone can exercise. Her possession of that power does not make her interest "uncertain" but tends to augment it and to make it more complete by removing any doubt concerning her power to dispose of it by will, if the exercise of a

testamentary power of appointment by a nonresident minor's will can be recognized in Massachusetts, a point which we need not now decide or discuss. See Restatement 2d: Conflict of Laws (Tent. draft No. 13, 1965) § 1007 (b) and comment c. See reporter's note, p. 82. See also Newhall, Settlement of Estates (4th ed.) § 365.

The commission rests its contention that Anne's interest is contingent or "uncertain" primarily upon the existence of Anne's testamentary power of appointment. In *Commissioner of Corps. & Taxn. v. Baker*, 303 Mass. 606, 612–613, the gift in default of the exercise of a testamentary power of appointment was not to the nonresident donee's heirs determined at her death in accordance with the laws of her domicil, but was to the persons who would have taken the donee's personal property by intestacy under the laws of Massachusetts at the death, not of the donee, but of another person, a life beneficiary.[3] An accumulation of factors led this court in the *Baker* case to treat the donee's interest as one depending upon the donee's surviving a prior life beneficiary, and as taxable under c. 62, § 10. In the present case, however, nothing about the existence of Anne's power of appointment has any tendency to detract from Anne's vested interest or to suggest that the interest is in any sense contingent. Instead the power of appointment supports recognition of Anne's complete beneficial and vested interest in the 1955 trust res. See *Commissioner of Corps. & Taxn. v. Second Natl. Bank*, 308 Mass. 1, 5–6.[4] We find nothing inconsistent with our view of the present trust in other cases relied upon by the commission.

---

[3] The power of appointment given to the donee in the *Baker* case (p. 612) was viewed as adding nothing to any power to dispose by will of the trust property, which the donee might have (see Scott, Trusts [2d ed.] §§ 132–132.1) as to a true vested interest, and as in some manner suggesting that a gift of less than a vested interest might have been intended.

[4] The provisions of the trust considered in *State Tax Commn. v. Blinder*, 336 Mass. 698, 700–703, made it uncertain whether the life beneficiary in that case (or persons claiming through him by intestacy, bequest, or appointment) would ever take the accumulated income by reason of divesting contingencies mentioned in the governing instrument. The case is not relevant or controlling here.

See *Warren* v. *Sears,* 303 Mass. 578, 583; *Loring* v. *Clapp,* 337 Mass. 53, 60.

The Appellate Tax Board correctly concluded (a) that Anne's interest in the trust property (and the interests of certain other nonresident minors[5] in the trust res under similar trusts for their benefit, respectively) was "vested," and "not subject to divestment on a contingency mentioned in the trusts," and (b) that the income tax on the 1958 income of Anne's trust (and of the other similar trusts) must be abated.

In respect of the case concerning Anne's trust, and in each of the other cases governed by the outstanding stipulation (fn. 5), the following entry will be made,

*Decision affirmed with costs*
*to the trustee.*

---

[5] By stipulation, approved in the county court, it was agreed that the result of the case concerning Anne's trust should determine the result in certain other cases involving substantially identical issues.