STATE TAX COMMISSION *vs.* NEW ENGLAND MERCHANTS
NATIONAL BANK OF BOSTON, trustee
(and a companion case).

Suffolk.   January 9, 1969. — March 6, 1969.

Present: SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax.   *Trust,* Taxation.

Income accumulated by the trustee under the will of a Massachusetts
resident, which provided that the income beneficiary, an ascertained
nonresident, should be entitled to terminate the trust at any time by
withdrawing the corpus thereof, was accumulated for the income
beneficiary and was exempt from taxation under G. L. c. 62, § 8 (d),
as limited by § 10, both as appearing in St. 1957, c. 644; it was without
significance that remaindermen who would take the trust property
at the death of the income beneficiary in the event of failure of that
beneficiary to exercise the power of termination might have had an
interest "uncertain" under § 10.

APPEALS from decisions by the Appellate Tax Board.

*Paul N. Gollub,* Special Assistant Attorney General, for
the State Tax Commission.

*Robert J. McGee* for the taxpayer.

SPIEGEL, J.   These are appeals by the State Tax Com-
mission (commission) from decisions of the Appellate Tax
Board granting the New England Merchants National Bank
of Boston as trustee income tax abatements with regard to
several trusts.   The cases were heard in the Appellate Tax
Board on stipulations.

The trusts were established under the wills of Ralph T.
Entwistle and Manuel H. Lombard, residents of Massa-
chusetts.   The trustee filed income tax returns for the
fiscal year ending August 31, 1962, showing no tax due the
Commonwealth.   The commission assessed income taxes
with regard to both trusts on capital gains accumulated by

the trustee. The trustee paid the assessments and filed applications with the commission for abatements which were disallowed.

During the relevant period the income beneficiaries of both trusts were not residents of the Commonwealth. Each of the beneficiaries was entitled to his or her share of the income of the trusts and each had the power to terminate his or her share of the trusts at any time by withdrawing the whole of the corpus.[1]

General Laws c. 62, § 8 (d), as amended through St. 1957, c. 644, § 1, provides that "the income derived from sources other than professions, employment, trade or business carried on within the commonwealth, received by trustees . . . as is payable to or accumulated for persons not inhabitants of the commonwealth" shall be exempt from the income tax imposed by c. 62. The exemption granted by § 8 (d) is limited by G. L. c. 62, § 10,[2] to income payable to or accumulated for nonresidents who are ascertained and who have interests other than those defined as uncertain

---

[1] Entwistle's will provided that the trustee "shall also from time to time during said period transfer and pay over such part or all of the principal of the said share to . . . [each beneficiary] as he or she may in writing request. . . ." In addition the income beneficiaries were given the power to appoint the corpus by will. If a beneficiary were to fail to exercise the power, the corpus would be distributed as if it were the property of the beneficiary and the beneficiary had died intestate.

Lombard's will provided that the beneficiary "shall be entitled at any time or from time to time upon request in writing to . . . [the trustee] to have all or any part of the property held by . . . [the trustee] and all accumulated income thereon paid to her forthwith free and clear of all trusts. . . ." Should the beneficiary fail to exercise the power to terminate the trust, on her death the corpus would be distributed to her issue. If she left no issue, the trustee was to "pay over the net income . . . to . . . [her brother], if and so long as he is living, and upon his death, or . . . if . . . [her brother] is not then living, . . . pay over said property and all accumulated income to the then living issue of . . . [her brother] in equal shares by right of representation."

[2] General Laws c. 62, § 10, as amended through St. 1957, c. 644, § 3, provides in pertinent part that "[t]he income received by trustees . . . shall be subject to the taxes imposed by this chapter to the extent that the persons . . . for whose benefit it is accumulated, are inhabitants of the commonwealth . . . . Income . . . which is accumulated for unborn or unascertained persons, or persons with uncertain interests shall be taxed as if accumulated for the benefit of a known inhabitant of the commonwealth. . . . [I]ncome shall be deemed to be accumulated for . . . persons with uncertain interests when thus accumulated . . . for the benefit of any future interest other than a remainder presently vested in a person . . . in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust."

by § 10. *Commissioner of Corps. & Taxn.* v. *Baker,* 303 Mass. 606, 608–609.

The commission contends that the accumulated income of the trusts is taxable under G. L. c. 62, § 10. It argues that the wills created "uncertain interests" in the issue of the present beneficiaries and do not show any intent by the testators to give the present beneficiaries fee interests or vested remainders not subject to divestment. It asserts that the taxation of trusts held for the benefit of nonresidents turns on the nature of the remainderman's interest and not on the present beneficiaries' powers of appointment or withdrawal of the corpus.

We are of opinion that the accumulated income of the trusts is exempt under § 8 (d) as limited by § 10. The nonresident beneficiaries have the right to withdraw their shares of the trusts which include accumulated income, at any time. These beneficiaries are ascertained persons. Their use and enjoyment or acquisition of this income is not postponed until the happening of a future event. Compare *Commissioner of Corps. & Taxn.* v. *Baker, supra,* at 611. Nor is it dependent upon the trustee exercising its discretion. Compare *State Tax Commn.* v. *Blinder,* 336 Mass. 698.

Regardless of the type of interests held by the remaindermen, we do not think that the Legislature intended the accumulated income here to be taxed under § 10. The tax on income received by a trust is assessed to the trustee simply for administrative convenience. The policy of the Legislature has been to exempt from taxation the income of a trust that is payable to an inhabitant of another State. *State Tax Commn.* v. *Loring,* 350 Mass. 568, 570. See 1916 House Doc. No. 1700, pp. 51–52. To hold that the accumulated income in these cases is not payable to nonresidents because of the uncertain interests of the remainderman would be to exalt form over substance. See *State Tax Commn.* v. *Fitts,* 340 Mass. 575, 580.

Although the *Fitts* case presented a different set of facts, the legal principle involved in that case is analogous to the

one now before us. In the *Fitts* case the trustees were required to dispose of the net income of the trust as the *donor* directed from time to time. In addition, the donor and his brother had the right to alter or revoke the trust at any time. This court held that the *donor* could be treated as having in effect received the net income of the trust because he could have obtained it upon his demand. *State Tax Commn.* v. *Fitts, supra,* at 579. In the instant cases the nonresident *beneficiaries* could have received the accumulated income at any time upon their demand. The principle involved in the *Fitts* case does not become inapplicable merely because there its application resulted in the taxation of the income of a non-Massachusetts trust while here it results in the exemption from taxation of the income of a Massachusetts trust.

The commission argues that "the adoption of the *Fitts* rationale would be inconsistent with this [c]ourt's decision in . . . [*Dexter* v. *State Tax Commn.* 350 Mass. 380] and a complete disregard of the existence of the trust entity." We do not agree. In the *Dexter* case we were asked to disregard the existence of a trust entity in order that the donor of a revocable trust could use personal losses to offset the trust's income. Because the statute in explicit terms provides for the trustee to be assessed taxes on trust income and the statute contains no express provision for such an offset, we denied the request. Here the statute expressly provides that the income received by a trust payable to or accumulated for a nonresident shall be tax exempt. The limitations contained in § 10 apply only when the beneficiaries' interests are future interests. In the instant cases, the nonresident beneficiaries have a present interest in the accumulated income.

*Decisions affirmed with costs*
*to the trustee.*