ERNEST G. ANGEVINE & others, executors & trustees, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Norfolk.    April 7, 1975. — May 22, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Succession tax.

Under a will leaving property to trustees under a preexisting trust in-
denture which provided for creation of a "marital trust" and for
payment of its net income to the testator's widow for life and for
payment of its principal or any proportion thereof to her upon her
written request, the widow is not entitled to the principal "in pos-
session or enjoyment" within G. L. c. 65, §§ 7, 13, until she ex-
ercises her power by a request for principal, and on the date of
the testator's death the widow's interest in the trust for inheritance
tax purposes was its value as a life estate and not a value as if she
had full and present ownership of the entire trust property. [827-
830]

CIVIL ACTION commenced in the Probate Court for the county of Norfolk on July 11, 1974.

The case was reserved and reported by *Podolski,* J., to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*James G. Wheeler (John C. Thomson* with him) for the plaintiffs.

*Howard J. Whitehead,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*Wilson C. Piper, Virginia C. Hall, & H. Brian Holland* for The First National Bank of Boston, and *Samuel B. Potter & Roger M. Thomas* for Alfred P. Putnam & others, trustees, as amici curiae, submitted briefs.

BRAUCHER, J. Under our inheritance tax laws, a life estate created by will is subject to tax as of the date of the testator's death, but the tax on the remainder is postponed until after the right of possession accrues and is assessed on the value of the interest coming to the beneficiary "at the time when he becomes entitled to the same in possession or enjoyment." G. L. c. 65, §§ 7, 13. In the present case the life beneficiary of a trust has unlimited power to invade principal, and the Commissioner of Corporations and Taxation (commissioner) contends that this amounts to full ownership of the trust property. We hold, however, that the life beneficiary's interest in principal is taxable only if and when the power to invade principal is exercised.

The decedent died on August 17, 1970, and his executors and trustees brought this action in a Probate Court in 1974, seeking a determination of the legacy and succession tax. The case was reported to the Appeals Court without decision on the pleadings and a statement of agreed facts as a case stated, and was transferred to this court pursuant to G. L. c. 211A, § 10 (A), on the application of the plaintiffs joined by the defendant.

We summarize the agreed facts. The decedent was survived by his wife and daughter. His will left property to the plaintiffs as trustees under a preexisting trust indenture which provided for creation of a "marital trust" in the amount necessary to entitle the estate to the maximum marital deduction allowable for Federal estate tax purposes. The net income of the marital trust is to be paid to the wife, and she is to be paid the principal or any portion thereof as she may from time to time request in writing. On the wife's death the principal is to be paid as she may appoint by her will by specific reference

to the power, and in default of appointment is to be added to a second trust established by the same indenture.

The fair market value of the net taxable property passing to the marital trust, at the date of death, was about $365,000, and the executors computed the value of the wife's life estate at about $131,000 and the tax due thereon at $7,575.43. The tax on all present interests arising by reason of the decedent's death was computed at about $13,000, and $12,000, more than eighty per cent of the amount so computed, was paid on November 9, 1971, and the balance was paid in 1974 within thirty days after the date of certification by the commissioner. The amount certified by the commissioner is nearly $34,000 plus $4,255.02 interest. The difference results from taxing the wife's interest in the marital trust as a full and absolute present interest rather than as a life interest. There is no dispute as to computation. At the time of the initial payment by the executors, they had received no notice of the announcements described below.

In estates of decedents dying before 1970, the Commonwealth did not seek to tax the interest of a life tenant in a trust on a basis other than that of a life estate by reason of an unrestricted power to invade principal. In such cases the amount received when principal was withdrawn by the life tenant was taxed as the "falling in" of a future interest. In February, 1972, a contrary policy was made known within the Inheritance Tax Bureau by an announcement "to all examiners and computers," and public announcements of the new policy were made in July, August, September and October, 1973. Under that policy a life interest with "a complete unfettered power to invade and use the principal" would be treated as a present gift of the entire principal, wholly taxable. The new policy was to apply to estates of decedents dying on or after January 1, 1970, in which the present interest tax was certified on or after April 1,

1971. Moreover, on the death of the life tenant, the trust property would be taxed as the life tenant's own property and not as the "falling in" of a future interest in the original decedent's estate, unless the tax arising on the death of the life tenant had been certified as one on "Power of Appointment Property" and the original decedent's estate had been closed.

We start with the proposition that, apart from tax law, a life tenant with power to spend and consume principal does not become the absolute owner unless the power is exercised. *Cotton* v. *Danville,* 301 Mass. 380, 385-386 (1938), and cases cited. The same rule was applied under the inheritance tax law in *Kemp* v. *Kemp,* 233 Mass. 32, 35 (1916), where the widow was given a life estate and a power of sale if the income should be insufficient, in her judgment, for any purpose for which she might wish to spend money; some reliance was placed on the absence of a power to convey by will. In *Curtis* v. *Commissioner of Corps. & Taxn.* 340 Mass. 169, 172 (1959), the life tenant exercised a general testamentary power of appointment by appointing to her estate, and it was held that her residuary legatees took from the donor of the power and not from her for inheritance tax purposes.

Under our original inheritance tax statute, both present and future interests were taxed as of the date of death. St. 1891, c. 425, §§ 2, 13. *Howe* v. *Howe,* 179 Mass. 546, 551 (1901). In 1902, however, the present system was inaugurated: the tax on future interests was postponed until the beneficiary came into "actual possession." St. 1902, c. 473, § 1. *Attorney Gen.* v. *Stone,* 209 Mass. 186, 189 (1911). *Dexter* v. *Commissioner of Corps. & Taxn.* 316 Mass. 31, 42 (1944). In 1907 the tax was postponed until "the right of possession accrues" instead of until "actual possession." St. 1907, c. 563, § 4. See Nichols, Taxation in Massachusetts, 698-700 (3d ed. 1938). Our cases continued to emphasize "possession and enjoyment" as an essential part of

succession to future interests. *Saltonstall* v. *Treasurer & Recr. Gen.* 256 Mass. 519, 525 (1926). *Worcester County Natl. Bank* v. *Commissioner of Corps. & Taxn.* 275 Mass. 216, 220 (1931). See 1955 House Doc. No. 2780, pp. 73-74.

The commissioner asks us to look past "technical legal interest," relying on cases treating "constructive receipt" of income by trust beneficiaries as the equivalent of receipt for income tax purposes. *State Tax Commn.* v. *Fitts,* 340 Mass. 575, 579 (1960). *State Tax Commn.* v. *New England Merch. Natl. Bank,* 355 Mass. 417, 420 (1969). There was in those cases, however, no analogue to the legislative policy here involved of postponing the tax on future interests until "possession or enjoyment." Nor did the imposition of tax have the logical consequence, which the commissioner proposes to carry out in the present case, of imposing two taxes in place of one without any clear legislative mandate. Cf. *Ferguson* v. *Commissioner of Corps. & Taxn.* 316 Mass. 318, 328 (1944); *Curtis* v. *Commissioner of Corps. & Taxn.* 340 Mass. 169, 173 (1959).

We hold that the life tenant, despite her power to invade principal, is not entitled to the principal "in possession or enjoyment" until the power is exercised. With respect to the amount then paid to her, the life estate is converted into a term of years and terminated, and the "right of possession accrues." Cf. *Moors* v. *Treasurer & Recr. Gen.* 237 Mass. 254, 260 (1921). Only then does the future interest in that amount become subject to inheritance tax. Cf. *People* v. *Freese,* 267 Ill. 164, 166 (1915); *Davis's Estate,* 72 Pa. Super. 332, 336 (1919); *Darsie Estate,* 354 Pa. 540, 542 (1946); *Calvert* v. *Thompson,* 339 S. W. 2d 685, 688 (Tex. Civ. App. 1960); *Estate of Wheeler,* 252 Wis. 613, 617 (1948).

In view of this conclusion, we do not consider whether, if we read the statute differently, the consistent practice of sixty-eight years, established contemporaneously with the enactment of the statute, could be changed by the

commissioner or by the courts without legislative action, or whether any such change in policy could affect estates of persons who died before the change. See *Wellington v. Commissioner of Corps. & Taxn.* 359 Mass. 448, 452 (1971), and cases cited.

A judgment is to be entered adjudging that the inheritance tax on present interests was wrongly assessed, that the total legacy and succession tax on all present interests resulting from the death of the decedent has been paid in full, and that no interest is due.

*So ordered.*