*In re* ESTATE OF JOYCE A. STEAGALL, Deceased.—(Charles S. Steagall, Ex'r of the Estate of Joyce A. Steagall, Plaintiff-Appellant, *v.* The People *ex rel.* Tyrone C. Fahner, Attorney General, Defendant-Appellee.

Fourth District No. 4—82—0282

Opinion filed January 18, 1983.

Richard L. Steagall and John P. Nicoara, both of Peoria, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellee.

JUSTICE MILLS delivered the opinion of the court:

The issue here—simply put— is whether the *guarantee agreements* executed by the decedent are debts deductible from the value of her estate for the purpose of determining the net value of the estate subject to Illinois inheritance tax.

The guarantees are contingent liabilities.

They are *not* deductible.

We affirm.

There is no need for a detailed recitation of facts here. After Joyce Steagall died, her husband and executor, Charles Steagall, filed an Illinois inheritance tax return. The Attorney General filed objections to the return, which challenge the listing—as deductions from the estate's value—of three guarantees executed by the decedent to guarantee certain obligations incurred by her husband. A hearing was held and the circuit court ruled that the guarantee agreements were not actual debts of the estate, but instead were only contingent liabilities and as such were not deductible from the value the estate in

determining the net estate subject to tax. The court sustained the objections of the State and directed the Attorney General to submit an order assessing tax in the proper sum after deleting the guarantees as deductions. The executor appealed the circuit judge's order assessing tax to the circuit court, and the circuit court affirmed the order of the circuit judge.

Section 1 of the Inheritance and Transfer Tax Law (the Act) (Ill. Rev. Stat. 1979, ch. 120, par. 375 *et seq.*) imposes a tax against the beneficial interest received by the beneficiaries from a decedent's estate. The court in *People v. Luehrs* (1951), 408 Ill. 383, 97 N.E.2d 307, stated that the beneficial interest upon which the tax is imposed equals the clear market value of the estate less the decedent's indebtedness and the expenses of administration. See also *People v. Beckers* (1952), 413 Ill. 102, 108 N.E.2d 5.

The guarantees are liabilities of the estate and the death of the guarantor does not terminate liability for the guarantee of debts incurred by the principal before the guarantor's death. (*In re Estate of Klink* (1941), 310 Ill. App. 609, 35 N.E.2d 684; *In re Estate of Weil* (1937), 291 Ill. App. 208, 9 N.E.2d 722.) They are, however, contingent liabilities. Several Illinois courts have held that the State cannot tax contingent benefits. (*In re Estate of Wilson* (1980), 81 Ill. 2d 349, 410 N.E.2d 23; *People v. Estate of Strom* (1936), 363 Ill. 241, 2 N.E.2d 94; *People v. Peoples Savings Bank & Trust Co.* (1924), 314 Ill. 529, 145 N.E. 597.) It would be inequitable to not allow the State to tax contingent benefits but then to allow a taxpayer to deduct contingent liabilities.

Furthermore, there is a provision in the Act that would allow the executor to receive a tax refund if the principal ever did default and the estate was forced to pay the debts. Section 8(c) of the Act states in full as follows:

> "Whenever additional claims, taxes or additional costs of administration which are valid deductions have been proved and allowed against an estate subsequent to the appraisement, assessment and payment of tax, the claims, taxes and costs not having been allowed as deductions in the inheritance tax proceedings, the estate shall be entitled to a redetermination and reassessment of the tax and a refund from the State Treasurer of tax paid in excess of the amount of the tax due as shown by the order of reassessment." (Ill. Rev. Stat. 1979, ch. 120, par. 382(c).)

This section appears to be tailor-made to avoid any inequities that may arise by now allowing an executor to deduct guarantees as debts

of the estate. In addition, in the case before us, there is no chance that the estate would ever have to pay the debts. The attorney for the estate admitted in oral arguments that the guaranteed debts had been satisfied by the decedent's husband and that the estate was no longer liable for their payment.

Therefore, because guarantees are contingent liabilities which in most cases may never—and in the present case certainly will never—ripen into actual debts of the estate, they may not be considered as debts of the estate for Illinois inheritance tax purposes.

Affirmed.

GREEN and LEWIS, JJ., concur.