## Joseph W. Branch, Exr.

### v.

## John H. Rankin, Admr.

*Filed at Mt. Vernon January 22, 1884.*

1. Administrator *with the will annexed—on application of foreign creditor.* A foreign debtor, owning real estate here, died testate, and letters testamentary were granted in the State of his domicile, and claims allowed against the estate, which proved insolvent. It was *held,* our statute authorized the county court to grant letters of administration with the will annexed, on the application of a creditor residing in such foreign State. The words, "any person interested," in section 46, chapter 3, of the Revised Statutes of 1874, are not limited to a person residing in this State, but are general, with no limitation in this respect.

2. Same—*statute relating to letters with will annexed, construed.* Sections 36, 37 and 38, of chapter 3, of the Revised Statutes, providing for the appointment of an administrator with the will annexed, and in what cases such appointment may be made, have reference only to the ordinary case of a principal administration in this State, and do not apply in the case of an ancillary administration. Sections 42 and 43, of the same chapter, seem to contemplate that there may be an executor in a foreign State, and an administrator with the will annexed in this State.

3. Same—*no priority in ancillary administration.* The grant of letters of administration with the will annexed, to the public administrator, upon the estate of a deceased non-resident debtor, on the application of a non-resident creditor whose claim has been allowed in the State of the decedent's domicile, will not necessarily give such creditor an undue advantage over other foreign creditors. They may have their claims also allowed here, and share in the assets.

Appeal from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Irwin & Springer, for the appellant:

There being no widow, next of kin or creditor resident of this State, and appellee being a creditor of the place of the principal administration, and having obtained judgment upon

his claim there, we insist can not procure administration here. The weight of authority is clearly that way. But *Bowles' Heirs* v. *Rouse,* 3 Gilm. 419, and *Rosenthal, Admr.* v. *Renick,* 44 Ill. 207, are cited as establishing the contrary rule. An examination of those cases will show that they are not in point, being based on essentially different facts. There is no authority or any statute for the appointment of an administrator with the will annexed, except upon refusal of the executor to qualify, or in case of a vacancy caused by death, etc.

Where power is given in a will to the executor to make sale of the lands of the deceased for the purpose of paying debts, or for any purpose, the executor may make such sale, without first resorting to a court. The power may be given in express terms, or by implication. *Rankin* v. *Rankin,* 36 Ill. 293.

The power of an executor is derived from the will; that of an administrator from the law. *Willis* v. *Watson,* 4 Scam. 64.

In *Langworthy* v. *Baker,* 23 Ill. 484, the court held that before the county court can get jurisdiction to grant letters, it must affirmatively appear that there is no relative or creditor in this State.

The weight of authority is, that no creditor outside the ancillary administration can present his claim before the court granting the same. Redfield on Wills, sec. 15, chap. 1; *Richards* v. *Dutch,* 8 Mass. 506; *Dawes* v. *Boyleson,* 9 id. 337; *Dawes* v. *Head,* 3 Pick. 128; *Hunt* v. *Fay,* 7 Vt. 183; *Churchill* v. *Bryden,* 17 id. 319; Kent's Com. sec. 37, p. 431. To do so would be to give such creditor a preference over others residing at the place of the principal administration.

Messrs. KROME & HADLEY, for the appellee:

Under section 46, chapter 3, Hurd's Stat. 1880, and the facts of this case, appellee was entitled to have the administration of the deceased debtor's estate committed to the

public administrator. The section is not limited in its application to persons dying resident of this State, nor to persons dying intestate. It says, "whenever any person dies seized or possessed of any real estate within this State."

Nor does the language justify the construction that the statute can only be invoked in aid of a resident creditor. It reads: "It shall be the duty of the county court, upon the application of any person interested therein, to commit," etc. In support of this view, we cite *Langworthy* v. *Baker*, 23 Ill. 487, *Bowles' Heirs* v. *Rouse*, 3 Gilm. 409, and *Rosenthal* v. *Renick*, 44 Ill. 202. We are further sustained by sections 42 and 43, of chapter 3, of the Revised Statutes, giving foreign executors and administrators power to collect, etc., in this State, only when there is no administration granted in this State. Every other creditor has the same opportunity for making his debt as appellee has. The assets, when converted into money, will be distributed to all creditors who file their claims here.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

Irwin Z. Smith died testate, being at the time of his death a resident of the State of Missouri. Letters testamentary were issued by the probate court of the city of St. Louis to Joseph W. Branch, who was appointed by the testator as his executor. Joseph H. Rankin, a resident of the State of Missouri, exhibited in said court a claim in his favor against the estate of Smith for allowance, which was allowed in the amount of over $11,000. Smith left real estate in Madison county, in this State, besides his estate in Missouri, but left no relative or creditor in this State. The estate of Smith was insolvent, the assets not being sufficient to pay the debts in full. Upon the petition of Rankin, the county court of Madison county, in this State, granted letters of administra-

tion upon the estate of Smith, with the will annexed, to the public administrator of Madison county. From the order making such grant, Branch, the executor in Missouri, took this appeal.

Appellant questions the propriety of the order appointing an administrator in this State. It is insisted that Rankin being a creditor of the place of the principal administration, and having obtained judgment upon his claim there, can not procure administration here. How this might be upon the general principles which apply in such case, in the absence of any statutory provision, we deem it unnecessary to inquire, as we have a statute which we think must control upon the subject with us. The statute is as follows : "Whenever any person dies seized or possessed of any real estate within this State, or having any right or interest therein, has no relative or creditor within this State who will administer upon such deceased person's estate, it shall be the duty of the county court, upon application of any person interested therein, to commit the administration of such estate to the public administrator of the proper county." Rev. Stat. 1874, p. 112, sec. 46.

This section, in its language, fully covers the present case. It is said, "any person interested," means such a person residing in this State; but there is no such restriction to be found in the language of the section—the words are general, with no limitation in this respect. And there has been a construction of the statute, in this very particular, by this court. *Rosenthal, Admr.* v. *Renick,* 44 Ill. 207, was a parallel case, where, under this same provision, in the case of a resident of Ohio, who had died there, testate, leaving real estate in this State, letters of administration with the will annexed were issued to the public administrator of a county in this State. It was there said: "It is suggested by counsel for appellees that a citizen of another State in which administration has been granted, can not come here and cause ad-

ministration to be taken out, a claim to be allowed, and real estate sold for its payment. But this has always been the practice, so far as our experience and observation go, and we see no objection to it. There is nothing in our statute indicating an intention to confine this right to citizens of this State." We adhere to this construction, and it controls the decision of this case adversely to appellant.

It is said the case cited differs from the present in this, that there was there no executor living, which brought the case within section 36 of the act in relation to the administration of estates, authorizing the appointment of an administrator with the will annexed, in case of the death of an executor; and it is contended that there is no power given to appoint an administrator with the will annexed, except in the cases enumerated in sections 36, 37 and 38 of said act, namely, of the removal of an executor for misconduct, where the person named executor by the will refuses to qualify, and where there is a vacancy in the office of executor, occasioned by death or resignation. There is the difference mentioned, that in the *Rosenthal case* the executor had deceased, and there had been an appointment by the court in Ohio of an administrator with the will annexed. But this is but a difference in circumstance between the cases, making no distinction in principle, as we regard, which should cause any variance of decision. The sections of the Administration act referred to have reference to the ordinary case of principal administration in this State, and do not apply in this case of an ancillary administration, in which the present appointment is made. Sections 42 and 43 of that act, taken together, seem to contemplate that there may be the case where there is an executor in a foreign State, and an administrator with the will annexed in this State.

We do not perceive that the allowance of this appointment will result necessarily in giving appellee any undue advantage over other creditors of the estate, as is suggested. Other

creditors have the same opportunity of resort here that appellee has, and it would seem but proper that the assets here should be distributed to all creditors who file and have allowed their claims here, or it might perhaps be proper, in such a case as this, to order but a *pro rata* payment of appellee's claim.

The order of the county court is affirmed.

*Order affirmed.*