(No. 22501.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE ESTATE OF NELLIE KLEIN, Appellee.

*Opinion filed December 17, 1934.*

OTTO KERNER, Attorney General, (STANLEY WATSON,
and CHARLES NOLL, of counsel,) for appellant.

GERALD C. SNYDER, (LEWIS D. CLARKE, of counsel,)
for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the
court:

This cause comes to this court by an appeal from an
order of the county court of Lake county fixing an in-
heritance tax.

The facts were stipulated. Nellie Klein died on February 27, 1932, a resident of Lake county. Five days prior to her death she made a gift *causa mortis* of the value of $10,153.95 to Margaret Miller. They were not related by blood, but the father of Margaret Miller married the mother of Nellie Klein when the children were about six years of age. They lived together for more than fifty years. Nellie Klein left surviving her a son, who in the absence of the gift to Margaret Miller would have succeeded to the entire estate, aggregating less than his statutory exemption. The administrator *de bonis non* caused a citation to be issued against Margaret Miller, claiming the property given to her belonged to the estate. Upon the hearing the gift was sustained. It was stipulated that Margaret Miller employed counsel in that litigation at a cost of $3384.65, which was a fair and customary charge for the services rendered. In the inheritance tax return filed by her she claimed the amount of the attorney's fee as a deduction. The county court allowed her claim for deduction. The State has appealed.

The Inheritance Tax act imposes a tax upon the transfer of property and fixes the rates at which the tax shall be imposed, according to kinship and the beneficial interests received by the donees. The beneficial interest which passes by the gift is what remains after the payment of the indebtedness of the estate and the expenses of administration. The excess over such indebtedness and expenses of administration is subject to the tax. (*People* v. *Pasfield,* 284 Ill. 450; *In re Estate of Graves,* 242 id. 212.) The reasonable expenses of an administrator or executor in the performance of his duties in administering the estate are proper deductions. *People* v. *Tatge,* 267 Ill. 634; *People* v. *Pasfield, supra; In re Estate of Graves, supra.*

It is argued by appellee's counsel that if the gift to Margaret Miller had been made by will and the will had been contested by decedent's son the executor's expense in

defending· the suit would be a proper deduction as part of the costs of administration, and that the situation here is analogous, because the transfer in either case would be by the direction of the decedent, and the net result is the same. In the *Graves case, supra,* we said: "The tax is not upon the estate of the decedent but upon the right of succession, and it accrues at the same time the estate vests—that is, upon the death of the decedent. Questions may arise as to the persons in whom the title vests, and such questions may affect the amount of the tax and the person whose estate shall be chargeable with it, but when those questions are finally determined their determination relates to the time of the decedent's death. No changes of title, transfers or agreements of those who succeed to the estate, among themselves or with strangers, can affect the tax. All questions concerning it must be determined as of the date of the decedent's death. * * * The statute requires all the property of the estate to be appraised at its fair market value. The value of the estate which passes is the value so ascertained less the indebtedness of the decedent and the expenses of administration. Whatever litigation may occur between those who succeed to the estate as to their respective rights, or between different claimants of interests, cannot affect such value. The fair market value so ascertained is the basis upon which the amount of the tax must be fixed. Unjust claims may be made against those succeeding to the estate and they may be put to great expense in defending their property, but the value of the property or of their respective interests in the property is not thereby affected."

The case of *Connell* v. *Crosby,* 210 Ill. 380, is cited in support of the donee's contention that the attorney's fee contracted or paid by her was a proper deduction because it augmented the tax. In that case there was a bequest for establishing a college along polytechnic lines. Under the statute then in force the gift was not exempt from in-

heritance tax. The executors expended about $12,000 in successfully defending a suit to set aside the will. As one of the results the State became entitled to an inheritance tax which would otherwise have been materially lessened. In the opinion of this court those facts are mentioned, and while we said that "the successful defense of the attack upon the validity of the will was in the interest of the State, as the recipient of the tax," yet the primary reason for upholding the deduction in that case was that the defense made by the executors in the proceeding to contest the will was for the purpose of upholding and maintaining the bequest in favor of the college and it is the duty of an executor to defend the will. Expenses incurred by executors in a will contest are for the benefit of the estate and are proper expenses of administration. (*In re Estate of Graves, supra.*) That the State profited by the successful defense of the will in the *Connell case* was an incidental matter.

It is claimed that in the case at bar the very existence of the tax itself was dependent upon the successful defense of the attempt of the administrator *de bonis non* to include the subject of the gift in the estate and thus make it tax free. The litigation was not begun by the State. It was instituted by the administrator to contest the donee's right to the gift. The State was not a party to the proceeding. Its benefit was but an incidental result of the donee's success in that litigation.

It is contended that as the donee received only a net sum of $6669.30, that sum must form the base of the tax. She relies on *People* v. *Union Trust Co.* 255 Ill. 168, where it was said: "It was the intention of the legislature in this State that a person should be taxed only on the beneficial interest which he receives." This expression was used in connection with our comment of approval on certain California cases, where we said: "An inheritance tax has been held by the courts of California not to be one of

the expenses of administration or a charge upon the general estate of the decedent but in the nature of an impost tax or tax upon the right of succession, to be imposed upon the several amounts of the decedent's estate to which the successors thereto are, respectively, entitled. It is a charge against each share or interest according to its value and against the person entitled thereto." The quoted language in the *Union Trust Co. case* must be construed to mean that a person should be taxed only on the beneficial interest which he is entitled to receive. In the case now before us Margaret Miller was entitled to receive $10,153.95. That sum was not reduced by the payment of costs and expenses of administration. It therefore constituted the base for the ascertainment of the tax.

The attorney fee was not incurred by the administrator and was not a part of the costs and expenses of administration. It may have depleted the gift which the donee was entitled to receive but did not diminish its amount at the time it was made. The gift was established by the facts shown to exist at the time it was made, and if Margaret Miller took at all she took at that time, and it necessarily follows that she took the whole amount of the gift. The measure of the tax was dependent upon the value of the interest she received by the gift regardless of whether or not she was subsequently called upon to incur an expense in protecting her right to it. The county court of Lake county erred in allowing the amount paid by Margaret Miller to her attorney as a deduction from the taxable value of her interest in the estate.

The judgment is therefore reversed and the cause is remanded, with directions to enter a judgment in conformity with the views herein expressed.

*Reversed and remanded, with directions.*