(No. 32404.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* JOHN H. BECKERS, Admr. of the Estate of N. Thomas Bennett, Appellee.

*Opinion filed September 17, 1952.*

Ivan A. Elliott, Attorney General, of Springfield, (William C. Wines, Thomas P. Grant, and A. Zola Groves, of counsel,) for appellant.

C. M. Granger, of Kankakee, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

This is an appeal by the People of the State of Illinois from an order of the county court of Kankakee County entered October 30, 1951, fixing and assessing the inheritance tax due the State by reason of the death of N. Thomas Bennett. The revenue being involved, the appeal is perfected to this court.

N. Thomas Bennett, a resident of the State of Maryland, died on January 31, 1950. He owned personal property in Maryland valued at $74,935.45. He owned real estate and tangible personalty in Illinois valued at $137,434.27. His estate was administered in Maryland and ancillary administration was also had in Kankakee County, Illinois. John H. Beckers was appointed administrator in Illinois. On April 6, 1951, the Illinois administrator filed an inheritance tax return showing a gross value of decedent's estate located in Illinois subject to the Illinois tax in the amount of $137,434.27. He listed as deductions from this gross estate approximately 64.715 per cent of the debts and expenses of administration both in Illinois and Maryland on the theory that the Illinois assets were 64.715 per

cent of the assets of the estate. The Attorney General objected to the return on the grounds that the valuation of assets was too low, the deductions claimed were too high, and the tax, as computed by the administrator, was too low. The county judge entered an order assessing the inheritance tax on the basis of this return and fixed the tax at $2987.31. The Attorney General then appealed to the county court where the same tax was assessed and fixed after the parties had stipulated that the value of the real and personal properties as set forth in the return were correct, and that the Attorney General's objections were directed to the propriety of the claim for deductions of $17,751.40.

The Attorney General contends that the county court had no authority, under our inheritance tax law, to prorate the total deductions of the decedent's estate. He also contends that none of the deductions claimed, except for ancillary administration expenses in Illinois, are allowable in Illinois since every one of them had been allowed in and deducted from the domiciliary estate in Maryland.

It is argued by the Attorney General that since there was sufficient personalty, cash and other assets, in the domiciliary estate to pay all of the domiciliary debts and expenses it was improper to deduct any part of such debts and expenses from the Illinois real-estate value. He points out the general rule in the administration of estates in Illinois that personal property must be exhausted to pay debts and expenses of administration before resort may be had to real estate, unless a contrary intent is expressly indicated or may be clearly implied from the provisions of decedent's will. The record shows that all of the debts and expenses claimed as deductions in this return were paid by the executor of decedent's estate in Maryland from the domiciliary estate, except expenses of ancillary administration in Illinois. However, the question presented for our determination is not the proper application of assets to the

payment of debts, but rather the proper construction of the phrase "beneficial interests" as it appears in the Illinois Inheritance Tax Act (Ill. Rev. Stat. 1951, chap. 120, par. 375,) and as applied in this situation. It is the beneficial interest against which the inheritance tax is assessed. In general, the beneficial interest is what remains after the payment of the indebtedness of the estate and the expenses of administration, and it is this excess over debts and expenses of administration which is subject to the tax. (*People* v. *Estate of Klein,* 359 Ill. 31.) The problem then is to properly determine what debts and expenses may be deducted to find this taxable excess.

Clearly, we are not concerned at all with the application of estate assets to the payment of debts. Indebtedness of the estate need not even be paid from estate assets, if actual beneficiaries in good faith compromise the claim or pay it or become liable for it, for such debt to be a valid deduction in computing the inheritance tax. (*People* v. *Tatge,* 267 Ill. 634.) There is no authority which implies that the source of payment of a decedent's debts controls their allowance as deductions. Hence, the Attorney General's argument on that basis has no relevancy to the problem at hand and deserves no further consideration.

For purposes of administration in Illinois of the estates of nonresident decedents, the personal estate of such decedent has situs, if tangible, where it is located, and, if intangible, has situs where the instrument evidencing a debt, obligation, stock or chose in action happens to be, or where the debtor resides, if there is no instrument evidencing the debt, obligation, or chose in action in this State. (Ill. Rev. Stat. 1951, chap. 3, par. 207.) This decedent's estate in Illinois consisted entirely of realty with the exception of some corn, appraised at $2799.58, located in Kankakee County, Illinois, all of which was subject to Illinois administration. The beneficial interest in all of such property is subject to the Illinois inheritance tax.

(Ill. Rev. Stat. 1951, chap. 120, par. 375.) But Illinois does not, by statute or otherwise, attach a situs to deductions allowable for inheritance tax purposes. Such deductions consist of debts and administration expenses of the estate, allowable in determining the beneficial interests received by beneficiaries. (*People* v. *Estate of Klein,* 359 Ill. 31; *In re Estate of Graves,* 242 Ill. 212.) We have held so long as a claim was an actual debt of the estate and even if the beneficiaries paid it, though it was not allowed by the probate court, such amount must be deducted in determining the inheritance tax. (*People* v. *Tatge,* 267 Ill. 634.) The Attorney General infers, by his brief, that the deductions have a situs, and only those with a situs in Illinois may be deducted in determining the Illinois inheritance tax. It has long been the law in this State that any creditor of a nonresident decedent, whether he be a resident of Illinois or a foreign State, may prove and collect his claim against the assets of such decedent in Illinois. This rule holds true even where such creditor is a resident of the State in which domiciliary administration of the estate was had. (*Rosenthal* v. *Renick,* 44 Ill. 202; *Branch* v. *Rankin,* 108 Ill. 444.) Thus, any legitimate debt of the decedent's estate may be proved and collected in Illinois without attaching a situs thereto, and debts of the estate paid by the beneficiaries may be proper deductions for Illinois inheritance tax computation. No situs is required to be attached to a debt or expense of the estate, paid by the estate or the beneficiaries, to permit it to be deducted for inheritance tax purposes.

The Attorney General attacks the so-called proration of deductions doctrine as announced in *People* v. *Luehrs,* 408 Ill. 383, and as applied by the county court in this case, as contrary to all prior decisions in Illinois and inconsistent with the Inheritance Tax Act. In support of this contention he relies primarily upon *Connell* v. *Crosby,* 210 Ill. 380; and *People* v. *McCormick,* 327 Ill. 547. *Connell* v.

*Crosby* involved an Illinois domiciliary estate wherein the county court ruled that the personal estate, all of which was situated in Illinois, should be deducted from the total indebtedness of the estate and that the remaining indebtedness should be apportioned on all real estate, both foreign and domestic, the tax being computed on the remaining domestic estate. We held this computation of the tax to be erroneous because it amounted to the indirect laying of a tax on foreign lands which could not have been directly imposed by Illinois. *People* v. *McCormick* likewise was concerned with a domiciliary estate. This court there held, reversing the county court, that since this court had determined the Federal estate tax to be a charge of administration, it was entirely deductible in computing the Illinois inheritance tax and should not be apportioned by the ratio taxable Illinois property bore to the total value of all property in Illinois and elsewhere.

*People* v. *Luehrs*, like the case at hand, arose out of an ancillary administration of Illinois property of a deceased Maryland domiciliary. It, in fact, involved these same Illinois properties. That case approved the proration of deductions doctrine, at the same time recognizing the qualification of the *Connell case*, saying such computation was proper so long as it does not, in effect, impose a tax upon property not taxable in Illinois. No claim is here made that the proration applied by the county court tends to impose a tax on property not taxable in Illinois. Hence, the limitation of *Connell* v. *Crosby* does not apply. There is no problem presented relating to the Federal estate tax as a deduction, and the *McCormick case* has no application.

The situation presented is very similar to that in *People* v. *Luehrs*, except that here the record does indicate that all the deductions claimed, except the costs of administration in Illinois, were allowed as deductions in Maryland. The *Luehrs case* failed to indicate what deductions were allowed in Maryland. Not knowing whether the deduc-

tions claimed in Illinois had been allowed in Maryland or not, this court still held that the proration method is fair and equitable, and most realistically determines the beneficial interests received from Illinois property. Certainly it is most just for the entire estate to be credited with its respective share of the estate liabilities, no matter what fund may have been used to pay the debts and expenses. We are not concerned with where the claims were paid, or from what fund—but only with beneficial interest. So long as Illinois collects the entire tax due it under a fair and equitable application of its statute, it is of no concern to Illinois whether another State collects more or less than is due it. We are concerned only with taxing the true beneficial interest in Illinois with a uniform and consistent application of our statute in like or similar situations.

The Inheritance Tax Act in question was enacted in 1909, and the words of the act which are in controversy here are the same words that were used in the Inheritance Tax Act of 1895. The words are substantially the same as those used in the New York statute of 1885 relating to inheritance taxes and were taken from that act and incorporated in our act of 1895, from which they were taken and incorporated in our present statute. This court has often referred to the fact that our Inheritance Tax Act was taken from the New York law, and in construing our statute has said that it is to be presumed that the act was adopted with the construction given it by the courts of that State. (*People* v. *Snyder*, 353 Ill. 184.) The result reached in the *Luehrs case* is the same result reached by the New York courts under their statute. (*In re Baylies Estate*, 148 N.Y. Supp. 912; *In re Porters Estate*, 124 N.Y. Supp. 676.) It is true that in 1925 New York repealed its statute under which these cases were decided, and now provides a limited proportion of deductions. (Illinois Bar Journal, Vol. 39, p. 520; Pinkerton and Millsaps, Inheritance and Estate Taxes (1926), p. 461.) However,

Illinois has not repealed its statutory language. It remains as a re-enactment of the New York statute of 1885 and as such is governed by the New York construction of that statute.

In the absence of a statute commanding otherwise, we are constrained to follow that fair and equitable procedure set forth in the *Luehrs case,* so long as it remains a fair and proper determination of beneficial interest. No other procedure has been applied in Illinois in such a situation— and none proposed that is as just. The doctrine of proration of deductions, as announced in *People* v. *Luehrs,* is entirely applicable to this case. Accordingly the judgment of the county court of Kankakee County is affirmed.

*Judgment affirmed.*