In re Assessment of Inheritance Taxes upon the
Estate of Catherine S. Pike, deceased.
County of Keith, Nebraska, appellee and cross-
appellant, v. Clarence A. Triska, appellant
and cross-appellee.
95 N. W. 2d 350

Filed February 27, 1959. No. 34490.

*McGinley, Lane, Powers & McGinley* and *Baskins & Baskins*, for appellant.

*Firmin Q. Feltz*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This appeal involves the propriety of an appraisement of three described real properties located in Keith County, Nebraska, and the propriety of the determination of the inheritance tax due thereon. In that connection, the record discloses substantially the following: Catherine S. Pike, hereinafter generally called Mrs. Pike, died testate March 1, 1954, and a petition was filed in the county court of Keith County seeking probate of her last will. Theretofore, on September 18, 1952, she had filed an action in the district court against Clarence A. Triska, hereinafter called Triska or defendant, seeking to set aside and cancel a contract and warranty deed to the aforesaid properties which she alleged had been procured on July 28, 1950, by mistake, fraud, and misrepresentation of Triska. She also sought an accounting and injunctive relief.

The deed had been placed in escrow with a third person, one LeRoy A. DeVoe, a lawyer, to be delivered to Triska on the death of Mrs. Pike, conditioned upon Triska's full performance of a contract which required him to manage and maintain all of her property and handle all of her financial and business affairs as he would his own because she was physically unable to

do so. The contract also required Triska to provide for and furnish all of her care and support, maintenance, needs, and comfort so long as she lived and pay the expenses of her last illness and burial, all of which was required to be done by Triska without regard to the availability of funds from Pike resources. Such action was pending when Mrs. Pike died, so it was revived in the names of the executor of her estate and named beneficiaries of her last will, of which Triska was not one.

In that connection, on September 8, 1954, Triska filed a contingent claim in her estate to preserve and protect his rights, which would eventually be decided by the pending litigation. Thereafter, on May 1, 1956, the district court rendered a decree finding and adjudging the issues generally in favor of Triska; that he had performed the contract without any breach of duty; that he was entitled to delivery of the warranty deed to him by the escrow holder, together with possession and use of the real property; and that upon the basis of an accounting there was then due Triska the sum of $7,175.79, which had been spent by him out of his own resources in performance of the contract. However, no judgment was rendered therefor, because it was part of the consideration for the warranty deed to be paid by Triska in services and money.

On July 12, 1957, we affirmed that judgment. See Pike v. Triska, 165 Neb. 104, 84 N. W. 2d 311. In that opinion, which is found in the record now before us, we recited the facts and cited authorities which require no repetition here. Therein we also said: "By analogy, of course, plaintiff herein (Catherine S. Pike) retained legal title to the real property described in the contract and deed, but lost control over them so long as defendant performed the conditions of their contract and understanding, and upon full performance thereof by defendant (Triska) during plaintiff's lifetime, as held by the trial court and affirmed herein, then on * * *

the date of plaintiff's death, the fee title to the property described in the deed vested in defendant, who became entitled to delivery of the instrument to him by Mr. DeVoe."

The record now before us also shows without dispute that Triska also paid out in Mrs. Pike's behalf some additional $8,806.83 from his own funds, which included Mrs. Pike's hospital bills, funeral expenses, and other obligations, including her support and maintenance during her lifetime, as required by Triska's contract with her and orders of the court. This record also shows that at the time of Mrs. Pike's death real estate and paving taxes in the sum of $2,508.48 were a lien against the property involved, and as required, Triska paid such taxes out of his own funds.

After final disposition of Pike v. Triska, *supra,* and as authorized by section 77-2018.01, R. S. Supp., 1953, Triska filed an application in the estate of Catherine S. Pike, deceased, in the county court of Keith County requesting the appointment of an appraiser of the real property involved for determination of inheritance taxes due, as provided by law, which were those statutes in force and effect March 1, 1954. Thereupon an appraiser was duly appointed and qualified, who, after notice and hearing, filed a report in the county court. In that connection, the fair market value of the property was appraised at $73,500 as of March 1, 1954. Triska did not file objections to the report within 5 days as he "may" have done under the provisions of section 77-2020, R. R. S. 1943, but on April 10, 1958, he filed a "Claim for exemptions under the Nebraska state inheritance tax laws." Therein he included his claim for $500 statutory exemption about which there is no dispute. He claimed a deduction before determination of taxes due of the following items: $7,175.79 plus $8,806.83, plus $2,-508.48 heretofore mentioned and theretofore paid by him, making a total of $18,491.10, plus $500 statutory exemption, or a total of $18,991.10. Further, he claimed

a deduction before a determination of taxes due of some $23,037, which represented all costs and attorney's fees incurred and paid by Triska in the litigation of Pike v. Triska, *supra*.

After a hearing upon the report of the appraiser and Triska's claim of exemptions, an order was rendered and filed by the county court finding and adjudging that the fair market value of the real property involved as of March 1, 1954, was $73,500, but that same was received by Triska pursuant to his contract with Mrs. Pike as finally determined in Pike v. Triska, *supra;* and that Triska had expended from his own resources, as required, the total sum of $18,491.10 heretofore mentioned, which, together with the $500 statutory exemption, or a total of $18,991.10, was exempt from taxation. The order also allowed an exemption of $23,037 for costs and attorney's fee incurred and paid by Triska in Pike v. Triska, *supra.* In other words, Triska was allowed a total exemption of $42,028.10 and the order found that the clear market value of Triska's beneficial interest was $31,471.90, and found and adjudged that as of March 1, 1954, same was subject to an inheritance tax due of $3,670.78, together with delinquent interest thereon of $1,061.13 to April 18, 1958, which made a total sum of $4,731.91 due on April 18, 1958, from Triska to the state. Such tax and interest was thereupon paid to the county treasurer of Keith County by Triska.

Therefrom County of Keith, hereinafter called plaintiff, appealed to the district court under the provisions of section 77-2023, R. R. S. 1943, which provides that: "Any person or persons, dissatisfied with the appraisement or assessment, *may appeal from the determination of the tax due made by the county court to the district court * * *,*" and fixed time limitations for such an appeal. (Italics supplied.)

At this point, it should be said that, contrary to plaintiff's contention, such an appeal, since 1951, is taken

"from the determination of the tax due made by the county court" and not from the "appraisement or assessment." The latter are simply elements to be considered and determined by the county court, which has jurisdiction of the entire proceeding in determining the taxes due. The appraiser, if appointed, is simply an officer of the county court who serves in an advisory capacity by making a report of the fair market value of the property as of the date of death. However, the county court is not bound by such an appraisement but may at its discretion take further evidence and enter an order fixing the fair market value of the property and determining the taxes due upon the clear market value of the beneficial interest taken by the taxpayer. See, §§ 77-2019, 77-2020, 77-2021, 77-2022, 77-2027, 77-2006, R. R. S. 1943; State ex rel. Nebraska State Bar Assn. v. Richards, 165 Neb. 80, 84 N. W. 2d 136. Such proceedings in court are at all times in rem. In re Estate of Sautter, 142 Neb. 42, 5 N. W. 2d 263.

In that connection, plaintiff's petition on appeal, as far as important here, alleged that defendant had failed to file any objections to the appraiser's report within 5 days after the report was filed with the county judge, as section 77-2020, R. R. S. 1943, provides that he "may" do. Therefore, plaintiff alleged that such appraisement of the fair market value by the appraiser became final and could not be questioned on appeal to the district court. We do not agree. It is pertinent to say here that the word "may" contained in said section does not mean "must" as argued by plaintiff, since the county court, as heretofore stated, has exclusive original jurisdiction to fix the appraisement in any event.

In Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497, this court said, citing authorities: "In general, the word 'may,' used in statutes, will be given ordinary meaning, unless it would manifestly defeat the object of the statute, and when used in a statute is permissive,

discretionary, and not mandatory." That rule is applicable and controlling here.

Plaintiff's petition also alleged that defendant succeeded to the beneficial interest in the real estate involved, and thereafter made application for the appointment of an appraiser and for certain exemptions, but that defendant was entitled to only $500 exemption because in effect: (1) The county was not a party to the litigation of Pike v. Triska, *supra,* and was not bound by the conclusions reached by this court or orders of the district court rendered therein; and (2) that in any event the costs and attorney's fees incurred and paid therein by defendant were erroneously allowed as exemptions. Therefore, plaintiff alleged that inheritance taxes due from defendant should have been determined upon $73,-000 as the clear market value of defendant's beneficial interest, together with interest thereon from March 1, 1954.

With regard to such taxes and interest, section 77-2010, R. R. S. 1943, provides in part: "All taxes imposed by sections 77-2001 to 77-2037, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and interest at the rate of seven per cent per annum shall be charged and collected therefrom for such time as such taxes are not paid; Provided, if the tax is paid within sixteen months from the accruing thereof, interest shall not be charged or collected thereon, * * *." In that connection, as said in State ex rel. Nebraska State Bar Assn. v. Richards, *supra,* citing authorities: "The mere fact that delay had been caused by litigation did not excuse the county judge from assessing it."

At this point it should be said that plaintiff's contention heretofore numbered (1) has no merit. In Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661, we reaffirmed that: "Where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in former proceedings involving one of the

parties now before it, the court has the right and should examine its own records and take judicial notice of its own proceedings and judgments in the former action. Such cases are exceptions to the general rule warranted from the necessity of giving effect to former holdings which finally decide questions of fact and law." Such rule has application and is controlling here. It is peculiarly fortified by the fact that this is an in rem proceeding involving the same property as that in Pike v. Triska, *supra*. Therein both the trial court and this court decided that on March 1, 1954, the date of Mrs. Pike's death, fee title to that property vested in defendant. Plaintiff contends that defendant's beneficial interest therein is liable for inheritance taxes, because section 77-2002, R. S. Supp., 1953, provides that: "Any interest in property whether created or acquired * * * shall be subject to tax at the rates prescribed by sections 77-2004 to 77-2006 * * * if * * * (2) intended to take effect in possession or enjoyment, after his death; * * *." The effect of plaintiff's position is to contend for its own advantage that defendant so acquired a beneficial interest by virtue of Pike v. Triska, *supra*, which was liable for inheritance taxes, but plaintiff was not bound by a determination of the obligations imposed upon defendant in performance of his contract as consideration for acquiring that interest. Plaintiff's contention is untenable. If defendant had not so acquired such interest then of course the property would not be liable for any inheritance taxes in this proceeding.

In that connection, plaintiff's contention heretofore numbered (2) has merit. It is generally the rule in all jurisdictions that in determining inheritance taxes due, the costs and expenses of litigation independent of the estate and between distributees over their respective interests to establish the right to take the property, should not be deducted from the fair market value of the property in determining the clear market value of the taxable beneficial interest therein. We adhere to that

rule and conclude that the costs and attorney's fee amounting to a total of $23,037, incurred and paid by defendant in the litigation of Pike v. Triska, *supra,* were not deductible from the fair market value in determining the clear market value of defendant's taxable beneficial interest. See, 85 C. J. S., Taxation, § 1185, p. 1039, and authorities cited; People v. Estate of Klein, 359 Ill. 31, 193 N. E. 460, 96 A. L. R. 622, and authorities cited and discussed in Annotation thereto, pages 626 to 628 inclusive.

To plaintiff's petition on appeal defendant answered, denying generally and alleging factually at length and in effect that the order of the county court fixing the clear market value of defendant's beneficial interest and determining the tax due thereon was correct, and he prayed for such a determination. Plaintiff's reply was a general denial.

After a hearing whereat evidence was adduced consisting entirely of stipulations, exhibits, and the testimony of one witness for plaintiff, the trial court rendered its judgment on May 7, 1958, which determined that the order of the county court rendered April 11, 1958, erroneously determined and assessed the tax due, together with interest thereon, and that such order should be set aside. The judgment also found and adjudged that the fair market value of the property as of March 1, 1954, was $73,500, and that there should be deducted therefrom the sum of $7,175.79 plus the sum of $2,508.48 heretofore mentioned as paid by defendant, plus his $500 statutory exemption, which left $63,315.73 as the net taxable estate, and that there was due and payable to plaintiff as inheritance taxes from defendant the sum of $8,846.83 with interest at 7 percent from March 1, 1954. The court also determined that on April 18, 1958, defendant had paid the Keith County treasurer for inheritance taxes $3,670.78 and interest to that date of $1,061.13, but that there was due for inheritance taxes the additional sum of $5,176.05 and

interest thereon of $1,514.24 from March 1, 1954, to date of the judgment, or a total of $6,690.29, for which amount judgment was rendered.

Thereafter, defendant's motion for new trial was over-ruled and he appealed, assigning as far as important here, that: (1) The trial court erred in finding that the fair market value of the property involved was $73,500 as of March 1, 1954; and (2) the trial court erred in dis-allowing the deductions claimed by defendant, which consisted of $8,806.83 paid by defendant in performance of his contract, plus $23,037 costs and attorney's fees incurred and paid by defendant in Pike v. Triska, *supra.* We conclude that assignment No. (1) has no merit, but that assignment No. (2) has merit with regard to the $8,806.83 item in that the trial court should have al-lowed that claimed deduction, but that the deduction of costs and attorney's fees of $23,037 incurred and paid by defendant in Pike v. Triska, *supra,* was properly refused for reasons heretofore stated.

Defendant included other assignments of error with regard to restriction of cross-examination by defendant of the appraiser called as a witness by plaintiff, and in permitting counsel for plaintiff to impeach the testimony of such witness. However, from an examination of the entire record, we deem it sufficient to say that such assignments have no merit.

Plaintiff cross-appealed, assigning that the trial court erred: (1) In allowing the deductions of $7,175.79 and $2,508.48 heretofore mentioned; and (2) in the admission of exhibits Nos. 1, 2, and 3 offered by defendant. Such assignments have no merit. Exhibits Nos. 1, 2, and 3 were respectively stipulated to be and they were copies of original orders and judgment of the trial court, the opinion and decision of this court on appeal affirming that judgment, and the judgment on the mandate of this court in Pike v. Triska, *supra.* They were not erroneously ad-mitted in evidence and, as heretofore said, they were

binding upon plaintiff as an adjudication of defendant's rights and interests in this proceeding.

With regard to defendant's first assignment of error, the appraiser called as a witness for plaintiff had admittedly appraised the fair market value of the property involved at $73,500 as of March 1, 1954. He had also acted as a referee by appointment of the district court in Pike v. Triska, *supra.* As such he had become acquainted with all court proceedings and the costs and expenses incurred in that matter from its inception. He again reiterated in this trial that the fair market value of the property was $73,500 on March 1, 1954; and that he had so fixed the fair market value but such amount was not the clear market value, which he correctly described as the value of the beneficial interest which defendant finally took, and not the fair market value. He then testified that he thought the clear market value would be about $45,000, which figure he arrived at by considering and deducting most of the costs and expenses incurred in the litigation of Pike v. Triska, *supra,* from the fair market value of $73,500. However, he again reiterated that $73,500 was the fair market value of the property if it could have been sold on March 1, 1954, with such litigation still pending. Since defendant was not entitled to have directly deducted any expenses, costs, and attorney's fees incurred and paid by him in Pike v. Triska, *supra,* the clear market value of defendant's beneficial interest could not be determined indirectly by subtracting such costs and expenses from the fair market value of the property. We conclude from the record now before us that the fair market value of the property involved was $73,500, and that the trial court properly so found.

Finally, we turn to plaintiff's first assignment of error. In that connection, it is generally the rule, as said in 85 C. J. S., Taxation, § 1171, p. 1008, citing authorities with relation to inheritance taxes: "In so far as the transferee of property has paid a consideration to the

transferor therefor, the tax will be levied only on the difference between the valuation of the property and the consideration." In the final analysis, the clear market value of defendant's beneficial interest in the property for inheritance tax purposes must be measured by the fair market value of the property as of the date of the death of the grantor, less the consideration paid therefor.

This record conclusively shows that the consideration paid by defendant for the property involved was a total of $18,491.10, which sum, together with defendant's statutory exemption of $500, or a total of $18,991.10, should have been deducted from $73,500, thereby leaving defendant with a beneficial interest having a clear market value of $54,508.90, which sum is liable for inheritance taxes due plus interest from March 1, 1954, as provided by sections 77-2006 and 77-2010, R. R. S. 1943, after giving defendant credit for $3,670.78 taxes and $1,061.13 interest thereon already paid by defendant on April 18, 1958.

For reasons heretofore stated, the judgment of the trial court should be and hereby is reversed and the cause is remanded with directions to render judgment in conformity with this opinion. All costs are taxed to County of Keith.

REVERSED AND REMANDED WITH DIRECTIONS.