REQUESTED BY: Frank C. Heinisch, County Attorney, Fillmore County, Geneva, Nebraska 68361.
1. What is the proper valuation for inheritance tax purposes of certain federal bonds which may be used at par value in paying federal estate tax liability?
2. May Nebraska estate tax be deducted in determining the inheritance tax liability?
1. To the extent that such bonds may be redeemed at par value then par value is the appropriate valuation. Where market value exceeds par value, market value is the appropriate valuation. Where the estate has bonds in excess of federal estate tax liability, those bonds in excess of federal estate tax liability should be valued at market value.
2. No.
Under United States Treasury regulations certain bonds as set forth from time to time by the federal government, may be redeemed in payment of the estate tax liability of decedents at their par value plus accrued interest. This is frequently advantageous to decedent's estates in that the bonds are generally traded at less than par value. As an example a $10,000.00 bond might be currently traded for $9,700.00. The question you raise is whether in determining the value of a decedent's estate, which included such bonds, should the market value or the par value of such bonds be used. In analyzing this question we must look to the provisions of secs. 77-2004, 77-2005, R.S.Supp., 1976, and sec.77-2006, R.R.S. 1943. These statutes provide the rate of tax to be applied. In each case they state that the tax should be applied on "the clear market value of the property." Under sec. 77-2020, R.S.Supp., 1976, the appraiser has the duty to appraise the estate property at the fair market value.
The Supreme Court of the State of Nebraska has held that the clear market value of the estate is "the clear market value upon which the rate of tax operated, we consider to be the cash market value at the time of the death of the deceased, or, in other words, what the property would bring if then offered for cash upon the market." In re Estate ofWoolsey, 109 Neb. 138, 190 N.W. 215 (1922). Thus the question is what would these bonds bring upon the market if offered for cash on the date of death of the deceased. An argument can be made that such value is the quoted price on a recognized exchange in which such bonds are normally traded. However, it is also clear that on that date the value of the bonds is that which the United States government would pay. Under the regulations of the federal tax system such value would be the par value plus accrued interest or market value plus accrued interest which ever was greater. A further definition by the Supreme Court inCounty of Keith v. Triska, 168 Neb. 1, 95 N.W.2d 350
(1959), set forth this distinction in stating "in the final analysis, the clear market value of defendant's beneficial interest in the property for inheritance tax purposes must be measured by the fair market value of the property as of the date of the death of the grantor, less the consideration paid therefore." From these two cases we are convinced that the proper valuation to be placed upon any asset in the estate of a decedent is the fair market value at the date of death of the decedent, which is the sum for which the asset could be sold on the decedent's death, which determination in the final analysis is to be made by the county court.
The present question has never been directly raised in any Nebraska case.
However, the Internal Revenue Service and the federal courts have had several occasions in which to consider the appropriate value. Rev. Rul. 156 provides that such bonds, to the extent that they may be applied at par in payment of federal estate taxes, the par value thereof or their mean quoted selling price at the time of the death of the decedent and accrued interest to the date of death whichever is higher constitute the value of such bonds for inclusion in the gross estate of the decedent. See, Rev. Rul. 253, 1953-2 Cum. Bull. 253. That ruling was in part superseded by Rev. Rul. 69-489, 1969-2 Cum. Bull. 173 and to an extent conformed with the holding of Banker's Trust Company v.United States, 284 F.2d 537 (2nd Cir. 1960), which held that such bonds were, to the extent that such bonds could be utilized in the payment of federal estate tax liability, to be included in the estate at their par value plus any accrued interest.
We believe that the same rationale should be utilized in determining value for Nebraska inheritance tax. The question is what are the bonds worth at the date of death. At that date they could be exchanged for their face amount plus any accrued interest. Whether they could be sold in a market at a lesser amount does not change the amount which they are worth. We believe that the market value of the bonds is established by the price that the federal government assigns to such bonds.
In your second question, you ask whether Nebraska estate tax is deductible in determining Nebraska inheritance tax. In that connection we point out that L.B. 585, Section 8, Eighty-Fourth Legislature, Second Session 1976, which now appears as sec. 77-2018.04, R.S.Supp., 1976, sets forth those items that may be deducted in determining inheritance tax. This provision will be operative January 1, 1977 and provides in (5) "any federal estate tax paid, exclusive of the state death tax credit, . . .' It is our opinion that this has always been the law in Nebraska. As of January 1, 1977 no question can exist.